*In re* MICHAEL R. MAC HARG, Jr., a Minor (Michael R. Mac Harg, Sr., Petitioner and Counterrespondent-Appellant, *v.* Linda Sue Bremer, Respondent and Counterpetitioner-Appellee).

First District (1st Division)   No. 83—1077

Opinion filed December 30, 1983.

John Roger Brandenburg, of Chicago, for appellant.

Phillip C. Levatino, of Levatino & Levatino, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

The issue presented by this appeal is whether section 508(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1981, ch. 40, par. 508(a)) authorizes an award of attorney fees appurtenant to a child custody petition where the parties are the natural parents of the minor child, but were never married to each other, and hence were never "spouses" within the literal language of section 508(a) of the Act.

The facts relevant to this appeal are not in dispute and may be briefly summarized as follows:

Petitioner-counterrespondent Michael Mac Harg, Sr. (hereinafter referred to as petitioner) and respondent-counterpetitioner Linda Bremer (hereinafter referred to as respondent) lived together from August 1977 to April 1981, but were never married to each other. The minor child, Michael Mac Harg, Jr., was born to them in July 1978. In May 1981, petitioner filed a petition for custody of the minor child. (Ill. Rev. Stat. 1981, ch. 40, par. 601(b)(ii).) The trial court denied the petition, awarded custody to respondent, ordered petitioner to pay child support, and formulated a visitation schedule; the court reserved

the question of attorney fees.

Respondent subsequently filed a petition for attorney fees pursuant to section 508 of the Act. Petitioner contested the petition, *inter alia*, on the ground that section 508(a) of the Act explicitly limited the court's authority to award attorney fees to cases where the parties were each other's "spouses." The trial court entered an order finding that section 508(a) of the Act applied to the instant case even though the parties were never married to each other and were not spouses seeking custody of the minor child.

Petitioner filed a petition for rehearing, which was denied by the trial court in a eight-page order. The trial court's stated reasons for its ruling were: (1) that if petitioner failed to make court-ordered child-support payments, section 508(b) of the Act (effective January 1, 1982) would authorize an award of attorney fees to respondent arising out of an enforcement proceeding; (2) section 508(a) presumably applied to post-decree proceedings notwithstanding at that time there are no "spouses" but only "former spouses"; and (3) authority to award attorney fees in the case at bar is necessary to provide competent legal representation to respondent in order that she might defend against petitioner's custody petition and so that respondent's rights, and those of the minor child, would be protected.

The pertinent segment of section 508(a) of the Act provides:

> "The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either *spouse* to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the *other spouse*, which award shall be made in contention with the following:
>
> (1) The maintenance or defense of any proceeding under this Act." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 40, par. 508(a).

In Illinois, attorney fees may be awarded to a litigant only when they are expressly authorized by statute or by agreement of the parties; the authority of a trial court to decide matters relating to the Illinois Marriage and Dissolution of Marriage Act is limited to its specific statutory grant, especially when the court is asked to award attorney fees. (*In re Marriage of Justema* (1981), 95 Ill. App. 3d 483, 486, 420 N.E.2d 796.) Thus, in *Justema*, the Second District Illinois Appellate Court reversed an award of prospective temporary attorney fees to a spouse in view of the language of section 508(a) of the Act which authorizes an award of attorney fees necessarily *incurred* by the spouse in connection with "[t]he costs and legal services of an attorney *rendered* in preparation of the commencement of the proceed-

ing brought under this Act." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 40, par. 508(a)(5).) The court in *Justema* held that the statutory language had to be given its plain and ordinary meaning and that section 508(a) of the Act authorized attorney fees for legal services rendered, but did not grant specific authority for a court to award prospective attorney fees or costs. 95 Ill. App. 3d 483, 488.

Applying the *Justema* principles to the instant case, we must give the statutory language "spouse" in section 508(a) of the Act its plain and ordinary meaning. The term "spouse" refers to a legal wife or husband. (*Sypien v. State Farm Mutual Automobile Insurance Co.* (1982), 111 Ill. App. 3d 19, 22, 443 N.E.2d 706; Black's Law Dictionary 1574 (4th ed. 1951).) Illinois does not confer that legal status on knowingly unmarried cohabitants (*Hewitt v. Hewitt* (1979), 77 Ill. 2d 49, 394 N.E.2d 1204), as our legislature has declared that common law marriages contracted in this State after June 30, 1905, are invalid. (Ill. Rev. Stat. 1981, ch. 40, par. 214.) Accordingly, we conclude that an award of attorney fees in a child custody proceeding is not authorized by section 508(a) of the Act where the parties were never married to each other. Although the trial court expressed great consternation concerning protection of the minor child's interests and legal rights, we note that the Act specifically provides for the appointment of an attorney to represent the interests of a minor child with respect to his support, custody and visitation and grants the trial court authority to enter an order for attorney fees against "either or both parents." Ill. Rev. Stat. 1981, ch. 40, par. 506.

For the reasons set forth above, that portion of the circuit court's judgment which ordered petitioner to pay attorney fees incurred by respondent to defend the child custody petition is reversed.

Judgment reversed.

BUCKLEY, P.J., and GOLDBERG, J., concur.