DELPHINE ALEXANDER, Petitioner, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents.

First District (5th Division)   No. 87—0793

Opinion filed February 11, 1988.

Jeffrey B. Gilbert and Ellen S. Katz, both of Legal Assistance Foundation, of Chicago, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Human Rights Commission.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Randolph T. Kemmer, Assistant State's Attorneys, of counsel), for respondent Cook County Treasurer.

Roslyn C. Lieb, of Chicago, for *amicus curiae* Chicago Lawyers Committee for Civil Rights Under Law.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This appeal follows the order of the Illinois Human Rights Commission (Commission) denying complainant's request for attorney fees pursuant to the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1985, ch. 68, par. 8—101 *et seq.*) for legal representation in an administrative review action before the circuit court of Cook County.[1]

Delphine Alexander (complainant) successfully brought an action against her employer, the Cook County treasurer's office, pursuant to the Illinois Human Rights Act for racial discrimination in promotional practices. On April 8, 1985, the county filed an action in the circuit court of Cook County appealing the decision pursuant to the Illinois Administrative Review Law. (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) The circuit court affirmed the Commission's decision, but remanded the case on the question of whether complainant was entitled to attorney fees, pursuant to the Illinois Human Rights Act, for representation in conjunction with the administrative review action in the circuit court. On remand, the Commission denied complainant's fee request. This appeal followed.

OPINION

█ Illinois courts follow, with limited exception, the "American Rule," pertaining to the award of attorney fees, requiring each party to bear his own costs of litigation. (*Kaplan v. Mahin* (1979), 79 Ill.

---

[1]As of January 1, 1986, proceedings for judicial review are directly appealable to the appellate court for the district wherein the civil rights violation, which is the subject of the Commission's order, was committed. Ill. Rev. Stat. 1985, ch. 68, par. 8—111(A)(3).

App. 3d 848, 399 N.E.2d 315.) Illinois recognizes no common law principle allowing attorney fees either as costs or damages (*Caruso v. Board of Trustees* (1984), ₁29 Ill. App. 3d 1083, 473 N.E.2d 417) and, absent an applicable statute or contractual provision, a successful litigant is not entitled to such fees. (*In re Mac Harg* (1983), 120 Ill. App. 3d 753, 458 N.E.2d 1154.) Any express statutory authorization providing for fees is to be strictly construed. *Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 417 N.E.2d 167.

■■ Complainant urges on appeal that the court interpret subsections (G) and (J) of section 8—108 of the Act as permitting fees for defending the appeal before the circuit court on administrative review. Section 8—108 of the Act provides, in relevant part:

"Upon finding a civil rights violation, *** the Commission *** may provide for any relief or penalty identified in this Section, separately or in combination, by entering an order directing the respondent to:

\* \* \*

(G) *** Pay to the complainant all or a portion of the costs of maintaining the action, including reasonable attorney fees and expert witness fees.

\* \* \*

(J) *** Take such action as may be necessary to make the individual complainant whole." Ill. Rev. Stat. 1985, ch. 68, par. 8—108.

Complainant argues that the language "maintaining the action" in subsection (G) should be read to permit the Commission to require the respondents to pay for fees incurred in the review of the Commission's decision, since the "action" continues until such time. Further, complainant states subsection (J) contemplates compensation for costs complainant would not have incurred, but for respondent's initial wrongful conduct, including representation in the review action before the circuit court.

Complainant's interpretation of subsections (G) and (J) above is unpersuasive. Our review of the legislative debates concerning the Act reveals that the Act's purpose was only to combine 11 different enactments dealing with discrimination in Illinois into a single act, without affecting, in any way, existing substantive law in this State. 81st Ill. Gen. Assem., Senate Proceedings, May 25, 1979, at 283, 287 (statements of Senator Shapiro and Senator Netsch).

Moreover, a plain reading of article 8 of the Act, in its entirety, suggests that awarding attorney fees for appellate representation is

not contemplated under section 8—108. The provisions contained in article 8 pertain solely to the creation of a mechanism and procedure for allowing a complainant to bring to fruition a complaint for discrimination, culminating in a reviewable final order. A survey of the pertinent provisions of article 8 is particularly instructive.

The Illinois Human Rights Commission is created and empowered under sections 8—101 through 8—104 of the Act. Section 8—105 is concerned with the settlement of any claim before the Commission. The initial hearing on the complaint before a Commission-appointed hearing officer, and the Commission's own review of the hearing officer's determination, is the subject of sections 8—106 and 8—107, respectively. It is at this point that the Act enumerates the various relief options available in section 8—108. Section 8—108 contains no language indicating that subsections (G) and (J) are intended to pertain to anything other than the final decision reached by the Commission pursuant to the initial hearing on the complaint, and the Commission's subsequent decision based on the hearing officer's recommendation. That final decision, including whatever relief the Commission determines is warranted pursuant to section 8—108, is made reviewable under the Administrative Review Law by section 8—111. There is no mention of any attorney fees award in conjunction with the administrative review taken pursuant to section 8—111. Therefore, we find that the Act does not expressly permit the allowance for legal costs for appellate representation based on a reading of section 8—108 of the Act.

■ Complainant also urges the court to analogize this case with Federal precedent allowing attorney fees in appeals in discrimination suits brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e—5(k) (1982)) for employment discrimination, and/or pursuant to the Civil Rights Attorneys Fees Act of 1976 (42 U.S.C. §1988 (1982)), generally. Complainant points out that a considerable body of Federal authority supports a judicially created extension of the attorney fees provisions of those Acts, permitting the award of fees for appellate representation in discrimination actions, in the absence of express statutory language.

We are unwilling to spearhead a similar movement in this State. It is not within the province of the appellate court to enlarge the meaning of a statute by adding language, or otherwise construe a statute to interject provisions not found therein, however desirable or beneficial the outcome. (*People ex rel. Power v. One 1979 Chevrolet Camaro* (1981), 96 Ill. App. 3d 109, 420 N.E.2d 770.) Courts have no legislative power to so act. (*Shelton v. Woolsey*

(1959), 20 Ill. App. 2d 401, 156 N.E.2d 241.) As Justice Black has pointed out, "[we] are interpreters, not creators, of legal rights to recover" (*Mills v. Electric Auto-Lite Co.* (1970), 396 U.S. 375, 397, 24 L. Ed. 2d 593, 609, 90 S. Ct. 616, 628 (Black, J., dissenting)), and if there is a need for recovery of attorney fees to effectuate the policies of the Illinois Human Rights Act, that need should be addressed by the Illinois legislature, not this court.[2]

■ Lastly, complainant argues that by ordering respondents to pay fees for representation in the administrative review hearing, this court will be advancing the remedial purpose of the Illinois Human Rights Act. While we acknowledge that the award of fees in conjunction with appellate representation may advance that end, we recognize that we have no authority to support such an award solely on the basis of a public interest rationale. *Hamer v. Kirk* (1976), 64 Ill. 2d 434, 356 N.E.2d 524.

For the foregoing reasons, the decision of the Illinois Human Rights Commission is affirmed.

Affirmed.

SULLIVAN and MURRAY, JJ., concur.

---

[2]Prior to the release of this opinion, the Illinois legislature amended section 8—108 of the Illinois Human Rights Act to specifically provide for attorney fees in proceedings for judicial review. (Pub. Act. 85—950, eff. Dec. 3, 1987 (amending Ill. Rev. Stat. 1985, ch. 68, par. 8—108).) However, the amendment, by express terms, excludes from its reach actions based on charges for which complaints were filed with the Commission prior to December 1, 1987, including the instant action, and does not otherwise alter the court's interpretation of section 8—108, as that section existed prior to amendment.