MARY ANN JOHNSON, Petitioner, v. THE HUMAN RIGHTS COMMISSION, Respondent. (Frey Bindery Company, Respondent).—FREY BINDERY COMPANY, Petitioner, v. THE HUMAN RIGHTS COMMISSION, Respondent (Mary Ann Johnson, Respondent).

First District (3rd Division)   Nos. 86—2201, 86—3116 cons.

Opinion filed July 20, 1988.—Rehearing denied September 13, 1988.

Layfer, Cohen, Handelsman & Mora, Ltd., of Chicago (Seymour J. Layfer and David R. Herzog, of counsel), for Frey Bindery Company.

Edwin F. Mandel Legal Clinic, of Chicago (Gary H. Palm, Michael J. Alter, and Lawrence M. Benjamin, of counsel), for Mary Ann Johnson.

Neil F. Hartigan, Attorney General, of Springfield, for respondent Human Rights Commission.

JUSTICE RIZZI delivered the opinion of the court:

The cause of action giving rise to this appeal originated with a complaint filed by complainant, Mary Ann Johnson, pursuant to the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*) with what is now known as the Illinois Human Rights Commission (Commission) on January 5, 1979. In her complaint, Johnson alleged that she was unlawfully terminated from her employment with respondent, Frey Bindery, on December 12, 1978, for racial reasons. On March 25, 1982, the Commission found in Johnson's favor, ordered her reinstated to her former position and awarded her full back pay and a restoration of all her previously existing fringe benefits. Thereafter, Frey Bindery filed an action in the circuit court of Cook County appealing the Commission's decision pursuant to the Illinois Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). The circuit court reversed the Commission's decision. On appeal, we reversed the decision of the circuit court, affirmed the findings of the Commission and remanded the case to the Commission for a determination as to the amount of relief due Johnson.

On remand to the Commission, the parties eventually stipulated to the amount of back pay and other benefits due Johnson pursuant to the Commission's order of March 25, 1982. Eventually, the parties agreed that Johnson was entitled to $21,679 in back wages and vacation pay and a stipulation to this effect was entered. These funds were immediately tendered to Johnson. Thereafter, on November 2, 1984, the parties also stipulated that Johnson was due $20,000 in overtime compensation and a check was tendered to her in that amount. On July 24, 1986, the Commission entered an order to which it stated that: (1) Johnson was only entitled to attorney fees for legal work before the Commission following remand of the case from the appellate court; (2) Johnson was entitled to post-judgment interest from the date of the Commission's original order of March 25, 1982, and (3) Johnson was not entitled to prejudgment interest. Both parties filed appeals from the Commission's decision, which we consolidated for review. We affirm in part and reverse in part.

On appeal, Johnson assigns as error the Commission's denial of her request for (1) prejudgment interest and (2) attorney fees for the proceedings conducted on both administrative review and on appeal. Frey Bindery, however, argues that the Commission (1) lacks the statutory authority necessary to award Johnson either post-judgment or

prejudgment interest; (2) the Commission erred in awarding Johnson post-judgment interest; and (3) the Commission erred in awarding Johnson attorney fees for the remanded proceedings before the Commission. For its part, the Commission contends that its decisions concerning the issues raised by Johnson were proper.

We initially address Johnson's argument concerning prejudgment interest. Johnson assigns as error the Commission's denial of her request for prejudgment interest and relies on section 8—108(J) of the Act in support of her argument. At the time of Johnson's claim, section 8—108(J) provided:

> "Make Complainant Whole. Take such action as may be necessary to make the individual complainant whole." (Ill. Rev. Stat. 1985, ch. 68, par. 8—108(J).)

Based on this general language, Johnson argues that the Commission possesses the statutory authority necessary to award prejudgment interest. We disagree.

■ Illinois law is clear that in the absence of a statutory provision or an agreement of the parties, prejudgment interest is not an available remedy. (*Alguire v. Walker* (1987), 154 Ill. App. 3d 438, 447, 506 N.E.2d 1334, 1341; *Advance Mortgage Corp. v. Concordia Mutual Life Association* (1985), 135 Ill. App. 3d 477, 485, 481 N.E.2d 1025, 1031.) Here, there is neither a statute nor an agreement between Johnson and Frey Bindery authorizing the imposition of prejudgment interest. We do not believe that the right to prejudgment interest can be implied from a statutory provision. To the contrary, we believe that such a remedy must be clearly and specifically provided for by the legislature.[1] We therefore find that based on the fact that there was no statutory authority to make such an award, the Commission reached the appropriate decision when it denied Johnson's request for prejudgment interest.

■ We next address the issue of the Commission's award of post-judgment interest to Johnson. Our review of the record indicates that the Commission relied on section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303) in awarding Johnson post-judgment interest. At the time that the Commission awarded post-judgment interest to Johnson, section 2—1303 provided:

---

[1]Following the Commission's decision in this case, the Illinois legislature amended section 8—108(J) of the Illinois Human Rights Act to specifically provide for prejudgment interest. However, the amendment, by its express terms, excludes from its reach actions based on charges for which complaints were filed with the Commission prior to December 1, 1987. The amendment does not otherwise alter a court's interpretation of section 8—108 as it existed prior to the amendment.

"Judgments recovered in any *court* shall draw interest at the rate of 9% per annum from the date of judgment until satisfied \*\*\*. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303.)

Based on the use of the word "court" in section 2—1303, Frey Bindery argues that this section applies only to a court and, as a result, the Commission lacked the authority necessary to award Johnson post-judgment interest.

Like prejudgment interest, post-judgment interest is not recoverable absent a statute or agreement providing for it because it is in derogation of the common law. (See *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 576, 413 N.E.2d 394, 397.) As a result, such statutes must be strictly construed and "[n]othing is to be read into them by intendment or implication." (*Allphin*, 82 Ill. 2d at 577, 413 N.E.2d at 397.) We, therefore, begin our evaluation of this issue with an examination of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 1—101 *et seq.*).

■ Our examination of the Code reveals that when the word court appears in the general provisions of article I, reference is made only to the supreme, appellate and circuit courts. (Ill. Rev. Stat. 1987, ch. 110, pars. 1—101 through 1—109.) Moreover, the Illinois Human Rights Act in general, and article 8 specifically, differentiates between the courts of our judicial system and the Commission. The Act further establishes the procedural rules to be followed by the Commission and the relief available to a complainant. Based upon our review of the Code, we find nothing to support Johnson's and the Commission's argument that section 2—1303 applies to a proceeding brought pursuant to the Act.

Moreover, at the time that Johnson's claim was ultimately resolved, section 8—108(J) of the Act did not provide the Commission with the authority to award post-judgment interest. Nor did this section provide a court with authority to render such relief. In response to this situation, section 8—108(J) was amended to provide the Commission with a statutory vehicle by which an award of post-judgment

interest may be made. However, this amendment applies only to complaints filed subsequent to December 1, 1987. As a result, at the time that Johnson's claim was resolved, the Commission lacked the statutory authority necessary to award post-judgment interest to Johnson. While it is unfortunate that the legislature did not choose to amend section 8–108(J) until after resolution of Johnson's claim, absent a provision providing for retroactivity, we are constrained to follow the law as it existed at that time. Accordingly, the decision of the Commission awarding post-judgment relief to Johnson is vacated.

■ We next address the issue of attorney fees. In its order of July 24, 1986, the Commission required that Frey Bindery pay Johnson $3,140 for the attorney fees she incurred as a result of the proceedings before the Commission following remand of her case from the appellate court. On appeal, Johnson contends that she is also entitled to appellate attorney fees for defending the Commission's appeal before the circuit court on administrative review and her appeal of the circuit court's decision to this court. Frey Bindery, however, argues that Johnson is not entitled to an award of any attorney fees and assigns as error the Commission's assessment of $3,140 in such fees against it.

Absent a statute or contractual provision specifically providing for the assessment of attorney fees, Illinois courts follow the "American Rule" concerning the awarding of attorney fees. The "American Rule" requires each party to bear her own costs of litigation. As a result, statutory and contractual provisions providing for the assessment of attorney fees against an opposing party are to be strictly construed. *Alexander v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 515, 517, 519 N.E.2d 1092, 1093.

■ At the time the proceedings giving rise to this appeal occurred, section 8–108 of the Act provided in relevant part:

"Upon finding a civil rights violation, \*\*\* the Commission \*\*\* may provide for any relief or penalty identified in this Section, separately or in combination, by entering an order directing the respondent to:

\* \* \*

(G) \*\*\* Pay to the complainant all or a portion of the costs of maintaining the action, including reasonable attorney fees and expert witness fees.

\* \* \*

(J) \*\*\* Take such action as may be necessary to make the individual complainant whole." (Ill. Rev. Stat. 1985, ch. 68, pars. 8–108(G), (J).)

Johnson argues that subsections (G) and (J) should be interpreted to provide for the payment of legal costs for appellate representation at both the circuit court and appellate court level.

We have recently addressed the issue raised by Johnson in the case of *Alexander v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 515, 519 N.E.2d 1092. In *Alexander*, we determined that the Act does not expressly permit the allowance of fees for legal costs for appellate representation and, absent such an allowance, we lacked the authority to either uphold or impose such an award. We further determined that while Federal precedent allows for the assessment of attorney fees in connection with Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e—5(k) (1982)) and the Civil Rights Attorneys Fees Act of 1976 (42 U.S.C. §1988 (1982)), "if there is a need for recovery of attorney fees to effectuate the policies of the Illinois Human Rights Act, that need should be addressed by the Illinois legislature, not this court." *Alexander*, 166 Ill. App. 3d at 518-19, 519 N.E.2d at 1094.

Shortly before our release of the *Alexander* opinion, the legislature amended section 8—108 to specifically provide for the assessment of attorney fees in proceedings for judicial review. Section 1—108 now provides that upon a finding of a civil rights violation, the Commission may pay to the complainant all or a portion of the costs of maintaining the action, including reasonable attorney fees and expert witness fees incurred as a result of an action before the Department, the Commission and in any judicial review or proceeding. (Pub. Act 85—950, eff. Dec. 3, 1987 (now codified as Ill. Rev. Stat. 1987, ch. 68, par. 8—108(G)).) However, the amendment by its express terms precludes from its application actions based on charges for which complaints were filed with the Commission prior to December 1, 1987. The Act as amended further provides that with respect to attorney fees and costs arising from charges for which complaints were filed with the Commission prior to December 1, 1987, any award is to be made pursuant to the terms of subsection (G) as it existed prior to revision. (Ill. Rev. Stat. 1987, ch. 68, par. 8—108(G).) Therefore, pursuant to the terms of section 8—801 as amended, and our decision in *Alexander*, we are constrained to find no error in the Commission's denial of Johnson's request for appellate attorney fees.

■ Johnson next contends that the Commission erred in refusing to consider whether she is entitled to attorney fees for her action before the Commission prior to our remand of her case. In its final order and decision, the Commission determined that Johnson "waived" her right to seek such fees by not filing exceptions to the administrative law judge's (ALJ's) first recommended order and decision of Au-

gust 31, 1984. We find no error in the Commission's decision on this issue.

Our review of the record indicates that in the August 31 order, the ALJ stated that Johnson had not requested attorney fees in her complaint and that the complaint had never been amended to include a prayer for such fees. The ALJ further indicated that Frey Bindery had not addressed the issue of attorney fees in its brief, and based on the lack of briefing, the ALJ declined to decide the issue of attorney fees. The ALJ, however, did grant Johnson other relief. Thereafter, the Commission entered a final order and decision which affirmed and adopted the recommended order and decision of the ALJ.

Section 8—107 of the Act provides the mechanism by which a complainant or respondent may seek review of a hearing officer's recommended order. Subsection A specifically states that a party has 30 days from the receipt of the hearing officer's recommended order to file any exceptions to any part of the order with the Commission. Such exceptions are to be supported by argument and served on all parties at the time they are filed. (Ill. Rev. Stat. 1987, ch. 68, par. 8—107.) Here, Johnson did not file exceptions to that portion of the ALJ's order declining to address the issue of attorney fees. As such, the Commission was deprived of the opportunity to consider whether the ALJ should have awarded attorney fees to Johnson prior to its entry of the final order in Johnson's case.

Johnson, however, contends that notwithstanding the requirements of section 8—107, she was not obligated to file exceptions to the Commission's order because she was the prevailing party. We find no merit to this argument.

Section 8—107 makes no distinction as to which party it is intended to provide relief for, and our analysis of this section does not support Johnson's position that as the prevailing party she was not required to file exceptions to the ALJ's decision. Moreover, Johnson was clearly not a prevailing party concerning her request for attorney fees. As such, her only recourse to the ALJ's refusal to assess her entitlement to attorney fees was the procedure set forth in section 8—107. Therefore, once the Commission entered its final order and decision affirming and adopting the recommended order and decision of the ALJ whereupon Frey Bindery sought administrative review, Johnson was statutorily precluded from seeking attorney fees for the original proceedings before the Commission. Accordingly, we find no error in the Commission's refusal to relitigate Johnson's attorney fees request.

■ We lastly address Frey Bindery's argument that the Commis-

sion erred in awarding Johnson attorney fees for the proceedings before the Commission on remand. We disagree.

In the recent case of *Brewington v. Illinois Department of Corrections* (1987), 161 Ill. App. 3d 54, 513 N.E.2d 1056, we interpreted unamended section 8—108 of the Act. In *Brewington*, we determined that an employee who brought a sex discrimination suit against her employer was entitled to an award of attorney fees based on her success of her claim. We reached this result notwithstanding the fact that the employee did not prevail on her claims for back pay and reinstatement. We further determined that in accordance with *Hensley v. Eckerhart* (1983), 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933, the award of attorney fees to the complainant was proper because her case was the "type which, as described in *Hensley*, involve[d] claims for relief based on 'a common core of facts or *** related legal theories,' as opposed to the type involving 'distinctively different claims for relief *** based on different facts and legal theories.' " (*Brewington*, 161 Ill. App. 3d at 65-66, 513 N.E.2d at 1064.) We find our decision in *Brewington* applicable to the issue presented here.

In the present case, our review of the decision of the circuit court resulted in the remand of Johnson's case to the Commission for a determination of appropriate relief. In these hearings, Johnson sought remedies the Commission found to be a direct result of and therefore related to her successful claim of racial discrimination against Frey Bindery. The Commission specifically stated:

> "This is not a situation where the Complainant has brought a multicount complaint in front of the Commission, and has only been successful with respect to one of the counts. *** Accordingly, the Complainant will be awarded 100 percent of her reasonable attorney's fees."

Given the fact that the Commission recognized the purposes behind the Act's attorney fees provision, we find no abuse of discretion in the Commission's determination that Johnson had obtained results sufficient to warrant the imposition of the attorney fee award granted her. As such, the fee award was not unreasonable and the Commission properly exercised its discretion in this regard. *Brewington*, 161 Ill. App. 3d at 66-67, 513 N.E.2d at 1064-65.

Accordingly, the decision of the Commission is affirmed in part and reversed in part.

Affirmed in part; reversed in part.

WHITE, P.J., and McNAMARA, J., concur.