JOHN CRIDER, Petitioner, v. THE STATE OF ILLINOIS, Department of Veterans Affairs, *et al.*, Respondents.

Fourth District No. 4—88—0102

Opinion filed September 1, 1988.

Joseph A. Bassey, of Ripplinger & Dixon, of Belleville, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Edward R. Green, Special Assistant Attorney General, of counsel), for respondents Department of Veterans Affairs and Illinois Veterans Home.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Bret A. Rappaport, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

JUSTICE SPITZ delivered the opinion of the court:

Petitioner Colonel John Crider, a black male, was employed by respondent on May 1, 1984, as a grounds crew worker at the Illinois Veterans Home in Quincy, Illinois. On September 12, 1978, petitioner

filed charges of racial discrimination against the respondent with the Illinois Fair Employment Practices Commission. On April 6, 1983, petitioner filed a "Complaint of Civil Rights Violations" with the Illinois Human Rights Commission alleging that he was continuously discriminated against because of his race and in retaliation for filing charges in violation of sections 3(a) and (b) of the Fair Employment Practices Act (Ill. Rev. Stat. 1979, ch. 48, pars. 853(a), (b)), now superseded by section 2—102(A) of the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A)). The respondent denied the allegations.

A hearing was held on February 22, 1984. After the hearing, the hearing officer determined that petitioner had proved by a preponderance of the evidence that the respondent unlawfully discriminated against him based on his race and in retaliation for his filing grievances and charges. Specifically, petitioner was found to have been continuously racially harassed by an employee of the Veterans Home and that the middle and upper level management knew about the harassment, yet refused to do anything about it. Consequently, the judge found that the respondent had subjected petitioner to unequal terms and conditions of employment, and that petitioner received a poor performance evaluation in retaliation for his having filed grievances and charges against the respondent. The judge awarded petitioner $5,000 in actual damages and reasonable attorney fees. In addition, the judge ruled that petitioner was entitled to a revised evaluation, any pay revision that the poor evaluation may have cost him, and a written apology from the respondent for allowing an employee to direct racially derogatory remarks to him. Pursuant to the filing of applications for attorney fees, another administrative law judge awarded petitioner $2,885.05 as attorney fees and $208.90 for costs and expenses.

Thereafter, the respondent filed exceptions to the decisions of the hearing officers. Upon review, the Human Rights Commission (Commission) determined that the findings of racial harassment and retaliation were not against the manifest weight of the evidence and that the award of damages and attorney fees was proper. Thus, the Commission affirmed and adopted the recommended orders and decisions of the hearing officers, except that it deleted the requirement that the respondent must issue a written apology.

Respondent sought review of the order and decision of the Commission before this court. The decision of the Human Rights Commission was affirmed in an unpublished order (*Department of Veterans Affairs v. Crider* (1987), 154 Ill. App. 3d 1163 (order under Supreme Court Rule 23)).

Petitioner then petitioned the Commission for an award of attorney fees of $3,904 and costs of $17.39 incurred as a result of the appeal. The Commission denied the petition on the grounds it has no authority to award attorney fees for time spent in the court system after the final order of the Commission is rendered. Petitioner now seeks review of the Commission's order of denial of attorney fees for legal services performed in successfully defending an appeal from a favorable Human Rights Commission decision.

The question of appellate attorney fees has recently been considered by the Illinois Appellate Court for the First Judicial District in *Alexander v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 515, 519 N.E.2d 1092. In *Alexander*, the court's reasoning was as follows: (1) since there is no common law principle providing for attorney fees to be awarded as costs or damages, and since each party is generally required to bear his own litigation costs, there must be an express contractual or statutory provision authorizing awarding attorney fees before the court will award attorney fees to a successful litigant; (2) section 8—108 of the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 8—108) did not expressly authorize awarding attorney fees for appellate representation; (3) a reviewing court has no authority to legislate and cannot create a right to attorney fees where the legislature has failed to do so, even on the basis of a public interest rationale; (4) therefore, the commissioners' refusal to award Alexander attorney fees was affirmed. The *Alexander* court recognized in a footnote that section 8—108 has since been amended to provide for attorney fees on appeal.

As in *Alexander*, the present case must apply the law prior to the amendment of the statute. Presently, section 8—108 authorizes the Commission to order respondent to:

"(G) Pay to the complainant all or a portion of the costs of maintaining the action, including reasonable attorney fees and expert witness fees incurred in maintaining this action before the Department, the Commission and in any judicial review and judicial enforcement proceedings. Provided, however, that no award of attorney fees or costs shall be made pursuant to this amendatory Act of 1987 with respect to any charge for which the complaint before the Commission was filed prior to December 1, 1987. With respect to all charges for which complaints were filed with the Commission prior to December 1, 1987, attorney fees and costs shall be awarded pursuant to the terms of this subsection as it existed prior to revision of this amendatory Act of 1987." (Ill. Rev. Stat. 1987, ch. 68, par. 8—108(G).)

The Commission may also:

"(J) Take such action as may be necessary to make the individual complainant whole, including, but not limited to, awards of interest on the complainant's actual damages and backpay from the date of the civil rights violation. Provided, however, that no award of prejudgment interest shall be made pursuant to this amendatory Act of 1987 with respect to any charge in which the complaint before the Commission was filed prior to December 1, 1987. With respect to all charges for which complaints were filed with the Commission prior to December 1, 1987, make whole relief shall be awarded pursuant to this subsection as it existed prior to revision by this amendatory Act of 1987.

There shall be no distinction made under this Section between complaints filed by the Department and those filed by the aggrieved party." (Ill. Rev. Stat. 1987, ch. 68, par. 8—108(J).)

Prior to the amendment by Public Act 85—950, effective December 3, 1987, these same subsections read as follows:

"(G) Pay to the complainant all or a portion of the costs of maintaining the action, including reasonable attorney fees and expert witness fees.

* * *

(J) Take such action as may be necessary to make the individual complainant whole.

There shall be no distinction made under this Section between complaints filed by the Department and those filed by the aggrieved party." (Ill. Rev. Stat. 1985, ch. 68, pars. 8—108(G), (J).)

The *Alexander* court specifically points to the fact that prior to the amendment, subsections (G) and (J) contain no language indicating they are intended "to pertain to anything other than the final decision reached by the Commission pursuant to the initial hearing on the complaint." (*Alexander*, 166 Ill. App. 3d at 518, 519 N.E.2d at 1094.) On the other hand, the subsections do not specifically state they are not intended to apply to appellate attorney fees.

In addition to relying on *Alexander*, respondent asks us to indulge the following presumptions:

"It is presumed that the legislature in materially amending a statute intended to effect a change in the law as it formerly existed. (*Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 251 N.E.2d

253; *Livingston v. Meyers* (1955), 6 Ill. 2d 325, 129 Ill. 2d 12.) Where a statute is amended, it will not be presumed that the difference was due to oversight or inadvertence on the part of the legislature, but that every amendment of a statute is made for some purpose, and effect must be given the amended law in a manner consistent with the amendment. *McLaughlin v. People* (1949), 403 Ill. 493, 87 N.E.2d 637." *In re Estate of Zimmerman* (1978), 63 Ill. App. 3d 560, 562, 380 N.E.2d 434, 436.

Although there had been no judicial opinions construing the predecessor statute prior to the amendment, the Commission had determined that the prior law did not extend authority to the Commission for awarding attorney fees incurred after the Commission rendered a decision. *Johnson v. Frey Bindery Co.* (1984), 12 Ill. HRC Rep. 316.

 Where a statute has been interpreted by an administrative agency having the authority to enforce the statute, that interpretation will be given great weight by the court. (*People ex rel. Stevens v. Fidelity & Casualty Co.* (1894), 153 Ill. 25, 38 N.E. 752.) While an erroneous construction by the administrative agency is not binding on the court (*Ray Schools-Chicago-Inc. v. Cummins* (1957), 12 Ill. 2d 365, 146 N.E.2d 1), if the legislature, being presumably aware of the interpretation, has amended other portions of the statute, but left intact the portions sought to be construed, then the legislature has evidenced an intent to adopt the construction placed on the statute by the administrative agency. (*Freeman Coal Mining Corp. v. Ruff* (1967), 85 Ill. App. 2d 145, 228 N.E.2d 279.) In the case at bar, the legislature has expressly adopted the interpretation of section 8—108(G) placed in that subsection by the Commission for all cases in which complaints were filed prior to December 1, 1987.

Finally, we consider the cases cited by petitioner which are based on Federal laws and find that they are not applicable to the present action. This case is based on the interpretation of an Illinois statute by Illinois courts.

Accordingly, the order of the Human Rights Commission is affirmed.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.