*In re* MARRIAGE OF HERBERT J. DREWS, JR., by his Guardian, Lorraine Drews, Petitioner-Appellee, and SUE ANNE CARROTHERS DREWS, Respondent-Appellant.

First District (4th Division)   No. 87—2363

Opinion filed January 19, 1989.

Schiller, Du Canto & Fleck, Ltd., of Chicago (David B. Yavitz and Sarane C. Siewerth, of counsel), for appellant.

Sandra G. Nye & Associates, of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:
Respondent (Sue Anne) appeals from the trial court's dismissal of

her petition for the reasonable attorney fees she incurred in defending appeals from the trial court's dismissal of a suit brought by the mother and guardian of petitioner (Herbert) to dissolve Herbert's marriage to Sue Anne. (See *In re Marriage of Drews* (1986), 115 Ill. 2d 201, 503 N.E.2d 339, *affirming* (1985), 139 Ill. App. 3d 763, 487 N.E.2d 1005.) The trial court dismissed the fee petition on the ground that section 508 of the Illinois Marriage and Dissolution of Marriage Act (the IMDMA) (Ill. Rev. Stat. 1987, ch. 40, par. 508) does not authorize the award of attorney fees to Sue Anne, because Sue Anne did not set forth a claim upon which fees could be awarded under section 508 of the IMDMA. The trial court held that section 508 does not permit an award of fees from a spouse for whom a guardian has been appointed and on whose behalf a dissolution of marriage petition has been filed by the guardian. We reverse and remand.

BACKGROUND

Herbert and Sue Anne were married in June 1979. In 1980, Herbert sustained severe injuries that caused him permanent and total mental and physical disability. Thereafter his mother was appointed plenary guardian over his estate and person. In her capacity as plenary guardian, Herbert's mother filed a petition for dissolution of Herbert's marriage to Sue Anne. The trial court dismissed the petition with prejudice. The Illinois Appellate and Supreme courts affirmed, holding that "absent [specific] statutory authorization, a guardian cannot institute an action, on behalf of a ward, for the dissolution of the ward's marriage." *In re Marriage of Drews* (1986), 115 Ill. 2d 201, 205.

While the matter was pending before the Illinois Supreme Court, Sue Anne filed a petition for attorney fees incurred in defending the appeals before the appellate and supreme courts, citing, *inter alia,* section 508 of the IMDMA. Herbert, through his guardian, moved to dismiss the petition for attorney fees. Following briefing and argument, the trial court dismissed the fee petition of Sue Anne with prejudice. She appeals.

OPINION

Herbert's guardian argues that the trial court properly dismissed Sue Anne's request for attorney fees under section 508 of the IMDMA because there is no party in this litigation against whom fees can be assessed. Herbert's guardian argues that the language of section 508 does not permit an award from a guardian or anyone other than a spouse and that Herbert was not a party to the dissolution pro-

ceeding brought by his guardian. We disagree.

■■ ■ Under section 508 of the IMDMA, the trial court has the authority "after due notice and hearing, and after considering the financial resources of the parties, [to] order either *spouse* to pay a reasonable amount *** for the costs and attorneys' fees necessarily incurred *** by the other spouse *** in connection with *** (3) [t]he defense of an appeal of any order or judgment under this Act." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 40, par. 508(a)(3).) Section 508 permits an award of fees from a "spouse." However, we are not persuaded, as argued by Herbert's guardian, that Herbert was not a party to the dissolution proceedings within the meaning of section 508. Herbert's original action, although brought by his guardian against Sue Anne, was for dissolution of his marriage to her and both Sue Anne and Herbert are admittedly each other's spouse. (*Cf., e.g., In re Mac Harg* (1983), 120 Ill. App. 3d 753, 458 N.E.2d 1154.) The circumstance that the attempted dissolution of marriage petition was unsuccessful because it was filed by Herbert's guardian does not, in our view, render the IMDMA inapplicable to Herbert. We hold that section 508 of the IMDMA permits Sue Anne to seek from Herbert, through his guardian, the reasonable attorney fees Sue Anne incurred to defend the appeals from the trial court's dismissal of the petition of Herbert's guardian to dissolve Herbert's marriage to Sue Anne.

■■ We also conclude that Sue Anne's fee petition was timely filed. In a dissolution of marriage proceeding, the trial court retains ancillary jurisdiction under section 508 of the IMDMA to adjudicate attorney fee petitions during the pendency of an appeal. (See, *e.g., In re Marriage of Giammerino* (1981), 94 Ill. App. 3d 1058, 419 N.E.2d 598.) Therefore, the trial court did not lose jurisdiction 30 days after its dismissal of the petition, but retained jurisdiction to entertain Sue Anne's attorney fee petition while the appeal involving the dissolution action was pending before the Illinois Supreme Court.

For the reasons stated, the order of the circuit court is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.