(text box: 1) NO. 5-01-0981

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

RUTH ANN MASCHHOFF, )  Appeal from the

)  Circuit Court of

Plaintiff-Appellee, )  Clinton County.  

)

v. )  No. 97-CH-7

)

EDWARD J. KLOCKENKEMPER, )  Honorable

)  Dennis E. Huber, 

Defendant-Appellant. )  Judge, presiding.

___________________________________________________________________________

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Edward J. Klockenkemper, appeals from a judgment of the circuit court awarding the plaintiff, Ruth Ann Maschhoff, additional attorney fees and costs pursuant to section 2 of Illinois's Oil and Gas Lease Release Act (the Act) (765 ILCS 535/2 (West 2000)).  The award was made after an earlier judgment in favor of the plaintiff was affirmed by this court.  
Maschoff v. Klockenkemper
, 317 Ill. App. 3d 554, 740 N.E.2d 830 (2000).  The issues for review are whether section 2 of the Act provides for the award of attorney fees and costs incurred after a judgment in favor of the plaintiff has been entered and whether the circuit court had jurisdiction to make an award of attorney fees after the appeal.  We affirm.

I. BACKGROUND

The plaintiff brought an action against the defendant under the Act (765 ILCS 535/0.01 
et seq.
 (West 2000)), and she sought the forfeiture of the defendant's oil and gas lease due to the defendant's nonproduction.  After a bench trial, the circuit court entered a judgment for the plaintiff and against the defendant.  The defendant was ordered to execute and record a release of the oil and gas lease and to remove all property remaining on the leasehold.  Additionally, the court entered a judgment in favor of the plaintiff for reasonable attorney fees in the amount of $3,275.  The defendant appealed, and we affirmed the judgment of the circuit court on December 7, 2000.  
Maschoff v. Klockenkemper
, 317 Ill. App. 3d 554, 740 N.E.2d 830 (2000).  

Our mandate affirming the judgment was filed in the circuit court on July 29, 2001.  On August 23, 2001, the plaintiff filed an amended petition seeking an additional award of attorney fees and costs under section 2 of the Act.  In her petition, the plaintiff noted that the court had previously awarded her attorney fees and costs incurred through December 16, 1998.  However, the plaintiff alleged that she had incurred $6,156.06 in additional attorney fees and costs from the trial, posttrial, and appellate proceedings from December 16, 1998, to December 12, 2000, and $803.77 after December 12, 2000.  The plaintiff claimed that section 2 of the Act gave the circuit court the authority to award the additional fees and costs requested.  

The defendant filed a motion to strike the plaintiff's petition.  The defendant claimed that section 2 of the Act did not provide for additional awards of attorney fees or costs.  After hearing argument from the parties, the circuit court denied the defendant's motion to strike and awarded the plaintiff $5,459.83 for additional attorney fees and costs incurred on appeal.  The defendant filed a timely appeal.

II. ANALYSIS

The defendant argues that the circuit court erred in granting the plaintiff's petition for additional attorney fees.  The defendant contends that section 2 of the Act does not provide for an award of attorney fees incurred after a judgment has been rendered and that the circuit court did not have jurisdiction to make such an award. 

The question before us is whether section 2 of the Act limits an award of attorney fees and costs to those incurred at the trial level or whether it also encompasses attorney fees and costs incurred in successfully defending an appeal.  Because this question is one of law, our review is 
de novo
 (
In re B.L.S.
, 202 Ill. 2d 510, 514, 782 N.E.2d 217, 220 (2002); 
People v. Whitney
, 188 Ill. 2d 91, 98, 720 N.E.2d 225, 229 (1999)).

The Act was enacted on July 1, 1907, with a full title as follows:

"An Act for the purpose of compelling oil or gas leases, when forfeited, to be released of record and providing a penalty therefor."  1907 Ill. Laws 400.  

The Act includes only two sections other than the section establishing the short title.  The pertinent parts of those two sections provide as follows:

"§1. When any lease on land *** taken for the purpose of prospecting for oil or natural gas or operating oil or gas wells upon lands so leased[] shall become forfeited by the terms of said lease or the acts of the lessee, it shall be the duty of the lessee, *** within sixty days from the date this act shall take effect, *** to have such lease or leases released of record in the county where such land is situated, without any cost to the owner or owners of the land; and any failure so to do shall constitute a petty offense."  765 ILCS 535/1 (West 2000).

"§2. Whenever the lessee of any oil or natural gas lands *** shall allow the same to become forfeited, or by his, her[,] or their acts shall forfeit the same, and shall refuse, fail[,] or neglect to cause the same to be released of record, the lessor or owner of said lands[] may begin a civil action to compel said party to release the same of record[,] and upon [a] judgment being rendered ordering said lease forfeited and directing the release, the said lessee, or his assigns, shall be ordered to pay all costs by such action, including a reasonable attorney fee to be taxed as costs."  765 ILCS 535/2 (West 2000).  

Under Illinois common law, attorney fees and other ordinary expenses and burdens of litigation were not recoverable as costs by a party.  
Abreu v. Unica Industrial Sales, Inc.
, 224 Ill. App. 3d 439, 449-50, 586 N.E.2d 661, 669 (1991).  Under the "American Rule," parties to litigation must bear their own attorney fees and costs and may not recover those fees and costs from an adversary, absent a statute or agreement to the contrary.  
Morris B. Chapman & Associates, Ltd. v. Kitzman
, 193 Ill. 2d 560, 572, 739 N.E.2d 1263, 1271 (2000).  Because the award of attorney fees and costs to a prevailing party is in derogation of common law, statutes that permit such awards generally are to be strictly construed. 
Graunke v. Elmhurst Chrysler Plymouth Volvo, Inc.
, 247 Ill. App. 3d 1015, 1020, 617 N.E.2d 858, 862 (1993); 
Hansen v. Illinois Racing Board
, 179 Ill. App. 3d 353, 361, 534 N.E.2d 658, 663 (1989).

Our primary function in interpreting a statute is to ascertain and give effect to the intent of the legislature in enacting the statute.  
City of Chicago v. Illinois Commerce Comm'n
, 294 Ill. App. 3d 129, 134, 689 N.E.2d 241, 245 (1997).  "It is well settled that statutory language must be given its plain, ordinary meaning and, in enforcing statutory provisions, courts cannot legislate[] but must interpret the law as announced by the legislature."  
Laborer's International Union of North America, Local 1280 v. Illinois State Labor Relations Board
, 154 Ill. App. 3d 1045, 1058, 507 N.E.2d 1200, 1208-09 (1987).  Statutory language should be examined as a whole and should be given its plain and fullest possible meaning.  
City of Chicago
, 294 Ill. App. 3d at 134, 689 N.E.2d at 245.

We are aware of no cases that review a trial court's award of appellate attorney fees under the Act.  Consequently, both parties argue case law by analogy in support of their respective positions.  

In support of his argument that there is no statutory authority to award posttrial costs and attorney fees under section 2 of the Act, the defendant relies primarily on 
Alexander v. Human Rights Comm'n
, 166 Ill. App. 3d 515, 519 N.E.2d 1092 (1988), and its progeny 
Crider v. State of Illinois
, 174 Ill. App. 3d 163, 528 N.E.2d 442 (1988).  Both of those decisions involved cases brought under the Illinois Human Rights Act (now see 775 ILCS 5/1-101 
et seq.
 (West 2002)).  In 
Alexander
 the court held that an award of attorney fees for representation on administrative review was not permitted where there was no express provision for attorney fees in section 8-111 of the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 8-111).  
Alexander
, 166 Ill. App. 3d at 518, 519 N.E.2d at 1094.  The court reasoned that while attorney fees are permitted in a claim brought to a final decision before the Illinois Human Rights Commission under section 8-108 of the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 8-108), the appeal of the decision is brought under a separate section, section 8-111, which makes no mention whatsoever of attorney fees.  
Alexander
, 166 Ill. App. 3d at 518, 519 N.E.2d at 1094.

The plaintiff relies primarily on 
Department of Conservation v. Lawless
, 100 Ill. App. 3d 74, 426 N.E.2d 545 (1981), in support of the circuit court's award of additional posttrial attorney fees.  In 
Lawless
, the court held that section 9.8 of the Eminent Domain Act (Ill. Rev. Stat. 1979, ch. 47, par. 9.8), which provided that the trial court could make an award of "reasonable costs, disbursements[,] and expenses, including reasonable attorney *** fees," extended to a condemnee's recovery of posttrial costs and appellate attorney fees.  
Lawless
, 100 Ill. App. 3d at 80-81, 426 N.E.2d at 550-51.  The court found that an appeal was an integral part of eminent domain proceedings because a defendant in an eminent domain action has both statutory and constitutional rights to appeal an eminent domain judgment.  
Lawless
, 100 Ill. App. 3d at 81, 426 N.E.2d at 550-51.  Additionally, the court found that the legislature is presumed to have had knowledge of these rights when it enacted the Eminent Domain Act (Ill. Rev. Stat. 1979, ch. 47, par. 1 
et seq.
).

We find the 
Alexander
 and 
Crider
 cases, dealing with the authority of the Illinois Human Rights Commission to award appellate attorney fees, inapposite to a civil case in which the "appeal is a continuation of the proceeding" (155 Ill. 2d R. 301).  However, we find the 
Lawless
 case helpful in deciding the matter before us, as well as the Fifth District case of 
Warren v. LeMay
, 142 Ill. App. 3d 550, 491 N.E.2d 464 (1986), brought under section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 270a(c)). 

One of the issues facing the 
Warren
 court was whether section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act, which allowed the court to award the prevailing party fees and costs in "any action brought by a person under this Section" (Ill. Rev. Stat. 1981, ch. 121½, par. 270a(c)), extended to attorney fees and costs on appeal.  After noting the broad remedial purpose of the Consumer Fraud and Deceptive Business Practices Act, the court found in the affirmative and went on to state, "Where the claim must be litigated not only at trial, but also on appeal, then the attorney fees and costs incurred by the prevailing party in connection with appellate proceedings must be deemed an integral part of that claim and should be recoverable under the statute."  
Warren
, 142 Ill. App. 3d at 583, 491 N.E.2d at 485.  

We find the reasoning in both 
Warren
 and 
Lawless
 logically persuasive.  In the instant case, the defendant as a matter of right sought to appeal under the authority of Supreme Court Rule 301 (155 Ill. 2d R. 301) and article VI, section 6, of the Illinois Constitution.  The plaintiff had no choice but to defend the appeal as a continuation of the underlying claim.  As in 
Warren
, the statute before us is remedial in nature, 
i.e.
, the recovery of a lessor's property from an oil and gas lessee wrongfully holding over after the expiration of the lease term.  The statute itself states that the goal is to be achieved "without any cost to the owner or owners of the land."  765 ILCS 535/1 (West 2000).  We believe that the legislative intent of the statute–as well as its plain and fullest possible meaning–was to ensure that the prevailing landowner is awarded all the fees and costs of litigating the case to its conclusion whether the case ended after the trial or after an appeal.  Our interpretation is strengthened by the fact that the legislature chose the mandatory language "shall" rather than the discretionary language "may," coupled with the order to pay "
all costs
 by such action, including a reasonable attorney fee."  (Emphasis added.)  765 ILCS 535/2 (West 2000).

In succinctly addressing the defendant's jurisdictional argument, we point out that Supreme Court Rule 369(b) (134 Ill. 2d R. 369(b)) provided the circuit court with proper jurisdiction to consider the plaintiff's amended petition after our mandate was filed in the court.  "The appellate court's mandate is the transmittal of the judgment of the reviewing court to the circuit court and revests the trial court with jurisdiction."  
Longo v. Globe Auto Recycling, Inc.
, 318 Ill. App. 3d 1028, 1035, 743 N.E.2d 667, 672-73 (2001).

III. CONCLUSION

For the reasons stated, the judgment of the circuit court awarding the plaintiff additional attorney fees and costs of $5,459.83 is affirmed.

Affirmed.

MAAG and WELCH, JJ., concur.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 10/15/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.