2026 IL App (1st) 250422-U
No. 1-25-0422
Order filed March 27, 2026

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KANDRA JONES, | ) | |
| | ) | Appeal from the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County. |
| v. | ) | |
| | ) | |
| | ) | No. 23 CH 1963 |
| COOK COUNTY DEPARTMENT OF | ) | |
| CORRECTIONS, THOMAS J. DART, and | ) | |
| TONI PRECKWINKLE, | ) | The Honorable |
| | ) | Lynn Weaver Boyle, |
| Defendants-Appellees. | ) | Judge, presiding. |
| | ) | |

JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Gamrath concurred in the judgment.

**ORDER**

¶ 1        *Held*: Order dismissing petition to enforce affirmed, as plaintiff is not entitled to post-judgment interest or attorney's fees.

¶ 2        The Illinois Human Rights Commission awarded $80,679.98 in damages, attorney's fees, and costs to Kandra Jones, a former correctional officer for the Cook County Department of Corrections (CCDOC). The Commission found that CCDOC failed to accommodate her

disability. Nearly two years later, while both parties' appeals to the circuit court were pending, Jones petitioned to enforce the judgment and sought post-judgment interest and attorney's fees and costs incurred in enforcing payment. After Jones filed her petition, the CCDOC paid her and her attorney the Commission's award and moved to dismiss the petition under section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2024).

¶ 3 The trial court granted the motion, finding the CCDOC had satisfied the Commission's order. The court also denied Jones' request for post-judgment interest, finding that (i) section 2-1303 of the Code does not apply to administrative proceedings and (ii) the court cannot order the CCDOC to pay interest if the administrative law judge did not award it. The court granted Jones' request for attorney's fees and ordered the CCDOC to pay her $1,959.21. The CCDOC filed a motion to reconsider the award of attorney's fees. The trial court granted the motion, rescinding the attorney's fee award.

¶ 4 Representing herself, Jones, an attorney, appeals, arguing the trial court erred in denying post-judgment interest and attorney's fees. We affirm. Where the Commission did not award post-judgment interest and attorney's fees, the trial court had no authority to do so. Further, as *pro se* party, Jones was not entitled to attorney's fees, and there was no evidence that the CCODC acted in bad faith in delaying payment to warrant a sanction of attorney's fees.

¶ 5 Background

¶ 6 Kandra Jones worked as a correctional officer for the CCDOC from 1997 until 2006. Before she was terminated, Jones filed a charge of discrimination with the Illinois Department of Human Rights, alleging the CCDOC discriminated against her based on disability, in violation of the Illinois Human Rights Act. The Department filed a Complaint of Civil Rights Violation in the Illinois Human Rights Commission on Jones's behalf.

¶ 7 After a hearing, the Commission issued a recommended liability determination finding that the CCDOC failed to accommodate Jones' disability and awarded her $50,000 in emotional distress. The Commission also issued a recommended order and decision granting $28,179.98 in fees to Jones's attorney and $2,500.00 to Jones for her out-of-pocket retainer fee.

¶ 8 After the Commission's recommended order became final, the CCDOC filed a petition for rehearing before the full commission, which the Commission denied. The CCDOC then appealed to this court, and the Commission stayed its order pending the appeal. This court dismissed the CCDOC's appeal, finding that CCDOC failed to exhaust all administrative remedies before seeking judicial review.

¶ 9 Jones, too, sought review. She filed a complaint for administrative review, which the trial court dismissed for lack of jurisdiction. She appealed to this court, which affirmed. Jones then petitioned the Illinois Supreme Court for leave to appeal, which the court denied and issued its mandate.

¶ 10 Meanwhile, in January 2023, Jones sent the CCDOC a demand letter requesting that it immediately comply with the Commission's order, followed by a petition in the circuit court seeking enforcement of the Commission's order, plus prejudgment interest under section 2-1303 of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2024)), attorney's fees, and costs. That precipitated the CCDOC paying Jones and her attorney the amounts and moving to dismiss Jones' petition to enforce under section 2-619 of the Code (735 ILCS 5/2-619 (West 2024)). During the pendency of the dismissal motion, the parties reached a tentative settlement agreement, but Jones chose not to sign it. Her attorney then withdrew.

¶ 11 After a hearing, at which Jones represented herself, the trial court granted the motion to dismiss the enforcement petition, finding that the CCDOC satisfied the Commission's order

by paying her and her attorney, and that Jones was not entitled to statutory interest on the award. Specifically, the court stated in court that section 2-1303 does not apply to administrative proceedings and that only the administrative law judge has the authority to grant post-judgment interest. The court granted Jones's request for $1,959.21 in attorney's fees.

¶ 12 The CCDOC moved to reconsider, arguing the trial court erred in granting Jones's attorney fees because (i) she was *pro se*, (ii) she was not a prevailing party, as the trial court granted the CCDOC's motion to dismiss her petition to enforce, (iii) the CCDOC did not act in bad faith to justify the sanction of attorney's fees, and (iv) the award of attorney's fees is not supported by evidence in the record, as neither Jones nor her former attorney filed a fee petition for the enforcement proceeding. The trial court granted the motion to reconsider.

¶ 13 Analysis

¶ 14 Jones argues the trial court should not have dismissed her petition to enforce because she was entitled to post-judgment interest of more than $15,000 and attorney's fees incurred in enforcing the award. We review decisions granting a section 2-619 motion to dismiss *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge,* 156 Ill. 2d 112, 116 (1993).

¶ 15 *Post-Judgment Interest*

¶ 16 The Illinois Human Rights Act provides the Commission with authority to award interest on a complainant's actual damages from the date of the civil rights violation. See 775 ILCS 5/8A-104(J) (West 2024). But an award of interest is not automatic, and the Commission must affirmatively choose to award it. See 56 Admin. Code § 5300.1145 ("[w]henever an Order and Decision *** includes an award of interest pursuant to 8A-104(J) of the Act, the amount of interest shall be calculated according to the method set forth in this Section"). Here, the Commission did not award Jones interest, and the trial court cannot modify the Commission's

decision. *Batley v. Kendall County Sheriff's Department Merit Comm'n*, 99 Ill. App. 3d 622, 626-27 (1981) ("A court reviewing a decision of an administrative agency has no authority to try the case anew *** or to substitute its judgment for that of the agency or *** modify or revise the agency's order.").

¶ 17    Moreover, Jones is not, as she contends, entitled to post-judgment interest under section 2-1303, which states, "judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government." 735 ILCS 5/2-1303(a) (West 2024). This court has held that section 2-1303 applies to court orders, not administrative decisions. See *Johnson v. Human Rights Comm'n*, 173 Ill. App. 3d 564, 567-568 (1988) ("we find nothing to support *** that section 2-1303 applies to a proceeding brought pursuant to the [Illinois Human Rights Act]"). Thus, we affirm the denial of Jones's request for post-judgment interest.

¶ 18                                          *Attorney's Fees*

¶ 19    The Act allows the Commission to award attorney's fees incurred in a judicial enforcement proceeding. See 775 ILCS 5/8A-104(G) (West 2024). Although the Commission awarded Jones attorney's fees for her discrimination claim, it did not award fees for the enforcement proceedings. And, as noted, the trial court cannot modify the Commission's order. *Batley*, 99 Ill. App. 3d at 626-27.

¶ 20    Further, Jones represented herself in the enforcement proceedings after her attorney withdrew. Illinois courts have declined to award attorney's fees to *pro se* litigants, even when the litigant is a lawyer. *Kehoe v. Saltarelli*, 337 Ill. App. 3d 669, 678 (2003) (citing *Kay v. Ehrler*, 499 U.S. 432, 438 (1991) ("Illinois courts have similarly prohibited the award of attorney fees in *pro se* litigation.").

¶ 21    Attorney's fees also are not warranted as a sanction under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). We review a trial court's decision to deny sanctions for abuse of discretion. *Lake Environmental, Inc. v. Arnold,* 2015 IL 118110, ¶ 16. An abuse occurs when "no reasonable person would agree with its decision." *Id.*

¶ 22    Nothing in the record suggests the CCDOC acted in bad faith. Although Jones waited more than two years for payment, the CCDOC had no obligation to pay until all appeals concluded and the reviewing court issued its mandate. Both parties pursued multiple avenues of review. After the appellate court ruled, Jones sought leave to appeal to the Illinois Supreme Court. The Court denied her petition and issued its mandate. By then, the CCDOC had paid Jones. Given Jones' *pro se* status and the absence of bad faith by the CCDOC, we affirm the trial court's denial of her request for attorney's fees.

¶ 23    Finally, the parties' proposed settlement agreement is irrelevant. Jones contends that after she filed her enforcement petition, her attorney negotiated a tentative settlement agreement that included interest and attorney's fees. The CCDOC disputes that claim. It makes no difference, however. Settlement negotiations are not admissions of liability. *County of Cook v. Illinois Labor Relations Board, Local Panel*, 2012 IL App (1st) 111514, ¶ 32. Thus, we do not consider them.

¶ 24    Affirmed.