Fred DUBRAY, Plaintiff–Appellant,

v.

INTERTRIBAL BISON COOPERATIVE
and Ervin Carlson, Defendants–
Appellees.

No. 07CA1995.

Colorado Court of Appeals,
Div. IV.

July 24, 2008.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

Fredericks Peebles & Morgan, LLP, Thomas Fredericks, Jeremy Patterson, Denver, Colorado, for Plaintiff–Appellant.

Littler Mendelson, Joshua Kirkpatrick, Katherine Dix, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge METZGER.*

Plaintiff, Fred Dubray, appeals the judgment awarding attorney fees and costs to defendants, Intertribal Bison Cooperative (IBC) and Ervin Carlson. We affirm the portions of the judgment awarding costs and determining defendants were entitled to an award of attorney fees under section 13–17–201, C.R.S.2007. However, we reverse concerning the amount of fees awarded and remand for entry of a modified award and for an award of reasonable attorney fees incurred in defending this appeal.

This action arose out of plaintiff's termination as executive director of IBC. Plaintiff asserted the following claims for relief against defendants: (1) wrongful termination based on breach of contract, (2) wrongful termination based on violation of public policy, (3) wrongful termination based on improper removal of a corporate officer, (4) defamation, (5) intentional infliction of emotional distress, (6) misrepresentation, (7) negligent interference with business relations, and (8) invasion of privacy based on public disclosure of private facts. Plaintiff also asserted claims for "negligent malpractice" against two accounting firms.

Defendants filed a motion under C.R.C.P. 12(b)(2) seeking dismissal based upon lack of personal jurisdiction or, in the alternative, forum non conveniens. The trial court ultimately granted the motion and dismissed the entire action with prejudice based upon a lack of personal jurisdiction over five defendants plaintiff deemed to be "necessary and indispensable" parties. The trial court later denied plaintiff's motions seeking to amend the judgment and his complaint.

Defendants then moved for an award of attorney fees and costs under section 13–17–201. After receiving briefing from the parties, the trial court concluded that the statute applied and that the fees and costs defendants requested were reasonable. The trial court ordered plaintiff to pay defendants $26,983 in attorney fees and $483.63 in costs.

I.

Plaintiff contends that the trial court erred in awarding fees pursuant to section 13–17–201. Although plaintiff concedes that the action was dismissed under C.R.C.P. 12(b), he argues that the statute does not apply because the action included both tort and non-tort claims. Alternatively, plaintiff argues that the statute is inapplicable because he brought the action "primarily as a contract claim" and the tort claims were "minor" or "secondary." We perceive no error in the trial court's decision to award fees under the statute.

Section 13–17–201 provides, in pertinent part, as follows:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under [C.R.C.P. 12(b)], such defendant shall have judgment for his reasonable attorney fees in defending the action.

■ "The intent of the general assembly in enacting [section] 13–17–201 was to discourage the institution or maintenance of unnecessary tort claims." *Kennedy v. King Soopers Inc.*, 148 P.3d 385, 388 (Colo.App. 2006); *see also Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1010 (Colo.2008); *Smith v. Town of Snowmass Village*, 919 P.2d 868, 872 (Colo.App.1996).

■ An award of attorney fees is appropriate under section 13–17–201 when the trial court dismisses an entire tort action pursuant to C.R.C.P. 12(b). *See Robinson*, 179 P.3d at 1009; *see also First Interstate Bank v. Berenbaum*, 872 P.2d 1297, 1302 (Colo.App.1993) (section applies only when an action rather than single claim has been dismissed under C.R.C.P. 12(b)).

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

The statute does not apply if a defendant obtains dismissal of some, but not all, of a plaintiff's tort claims. *Berg v. Shapiro,* 36 P.3d 109, 113 (Colo.App.2001). Furthermore, the statute does not apply if an action contains both tort and non-tort claims and the defendant obtains C.R.C.P. 12(b) dismissal of only the tort claims. *See Sotelo v. Hutchens Trucking Co.,* 166 P.3d 285, 287 (Colo.App. 2007).

In determining whether the statute applies, the trial court should focus on the manner in which claims are pleaded. *See Robinson,* 179 P.3d at 1010; *see also Kennedy,* 148 P.3d at 388 (in applying the statute, courts should rely on plaintiff's characterization of the claims in the complaint and not what should or might have been pled); *Sweeney v. United Artists Theater Circuit, Inc.,* 119 P.3d 538, 541 (Colo.App.2005).

Here, contrary to plaintiff's assertion that this was primarily a contract action, six of his eight claims against defendants, and eight of his ten total claims asserted, were pleaded as tort claims. Plaintiff obviously chose to include these claims to obtain relief beyond what was available solely under a breach of contract theory.

Under these circumstances, we perceive no error in the trial court's determination that this action "was brought as a result of a death or an injury to person or property occasioned by the tort of any other person" within the meaning of section 13–17–201. *See Wark v. Bd. of County Comm'rs,* 47 P.3d 711, 717 (Colo.App.2002) (affirming trial court's C.R.C.P. 12(b) dismissal of the plaintiffs' contract and tort claims and awarding the defendant appellate attorney fees under section 13–17–201).

Contrary to plaintiff's contention, we are not persuaded that the trial court's decision is at odds with *Sotelo,* 166 P.3d 285. In *Sotelo,* a defendant asserted third-party claims for both tort and breach of contract. Although the trial court dismissed the tort claims under C.R.C.P. 12(b), it declined to dismiss the breach of contract claim under that rule, and the claim was later dismissed voluntarily. On appeal, the division in *Sotelo* concluded that "[b]ecause the trial court did not dismiss the entire action ... under

C.R.C.P. 12(b), it properly declined to award attorney fees under [section] 13–17–201." *Sotelo,* 166 P.3d at 287.

We acknowledge that *Sotelo* also contains language implying that section 13–17–201 may not apply to actions involving both tort and non-tort claims. However, it appears the primary basis for the decision was the lack of a complete dismissal based on C.R.C.P. 12(b). And, in contrast to *Sotelo,* here, the trial court did dismiss the entire action under that rule.

In light of our conclusion that the trial court did not err in awarding attorney fees under section 13–17–201, we further conclude that the award of costs was appropriate under section 13–16–113(2), C.R.S.2007 (requiring award of costs under same circumstances described in section 13–17–201).

## II.

Plaintiff next contends that the amount of attorney fees awarded was unreasonable. We disagree but, nevertheless, conclude that the amount of fees awarded must be modified.

Initially, we reject plaintiff's contention that the trial court erred in failing to apportion the attorney fees requested based upon tort versus non-tort claims. Even if we assume that defendants were entitled to recover fees and costs associated with dismissal of only the tort claims, apportionment would be unwarranted because the entire action was dismissed for the same reason (lack of personal jurisdiction) and defendants would have incurred the same, or nearly the same, fees had the case involved only the tort claims. *See Padilla v. Ghuman,* 183 P.3d 653, 664 (Colo.App.2007) (trial court properly declined to apportion attorney fees incurred in defending frivolous and non-frivolous claims where trial court found that defense of all the claims was inextricably intertwined).

Nor are we persuaded that defendants were entitled to recover only the attorney fees incurred in preparing the motion to dismiss. Section 13–17–201 does not so limit an award and instead expressly authorizes "attorney fees in defending the action."

This leaves only plaintiff's factual challenges regarding the amount of attorney fees awarded.

■ The determination of what constitutes a reasonable award of attorney fees is a question of fact for the trial court and will not be disturbed on review unless it is patently erroneous and unsupported by the evidence. *See Brody v. Hellman*, 167 P.3d 192, 198 (Colo.App.2007).

■ The initial estimate of a reasonable attorney fee is reached by calculating the "lodestar" amount, which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 587–88 (Colo.App.2000). That amount may then be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved. *See Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App.1996).

■ We review the reasonableness of the amount of attorney fees awarded by the trial court under an abuse of discretion standard. *See Hartman v. Cmty. Responsibility Ctr., Inc.*, 87 P.3d 254, 257 (Colo.App.2004).

In their attorney fee motion, defendants' counsel attached copies of detailed billing records showing time spent in defending the action. Defendants' lead counsel also submitted an affidavit setting forth his legal background and experience and provided similar data concerning the other individuals who worked on the case. The affidavit further indicated that defendants were charged a discounted contract rate that was "significantly lower" than normal rates and that the charges were "reasonable and comparable to—and perhaps slightly less than—the billing rates charged" by local professionals with similar experience.

In his response, plaintiff asserted that the hourly rates charged were excessive, but pre-sented no evidence to support that assertion. Plaintiff also objected to twenty-five entries in the billing records as involving work for which fees should not be awarded. Plaintiff did not object to the amount of costs requested.

Based upon plaintiff's objection to the specific billing entries, defendants agreed to reduce the amount of fees sought by a total of $2090.50.

The trial court reviewed the hourly rates and found they were "within the range typical of attorneys with similar experience in this community." The trial court determined that the number of hours expended was reasonable but accepted defendants' agreement to reduce the overall amount sought. The trial court awarded attorney fees totaling $26,893 and costs of $483.63.

Based upon our review of the record, we conclude that defendants presented sufficient evidence and documentation supporting the attorney fee request, and we are not persuaded that the trial court's findings regarding the reasonableness of the fees sought are either "patently erroneous" or "unsupported by the evidence." *See Hartman*, 87 P.3d at 259; *see also Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d 140, 152 (Colo.App.2003). However, because the judgment does not accurately reflect the reduced fee amount defendants agreed to seek (and the trial court indicated it would award), we conclude that the attorney fee portion of the judgment should be reduced from $26,983 to $25,279.

■ Finally, defendants have requested an award of appellate attorney fees under section 13–17–201. Because they were successful in defending this appeal, they are entitled to such an award. *See Ferrel v. Colo. Dep't of Corr.*, 179 P.3d 178, 189 (Colo. App.2007); *see also Wark*, 47 P.3d at 717. We leave the determination of the amount of attorney fees to the trial court on remand. *See* C.A.R. 39.5; *Ringquist v. Wall Custom Homes, LLC*, 176 P.3d 846, 851 (Colo.App. 2007).

The portion of the judgment awarding costs to defendants is affirmed. The portion of the judgment awarding attorney fees is reversed, and the case is remanded with directions to (1) reduce the amount of attorney fees awarded from $26,983 to $25,279, and (2) enter an award of reasonable attorney fees incurred by defendants in defending this appeal.

Chief Judge DAVIDSON and Judge NEY * concur.