The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
February 27, 2025

## 2025COA24

**No. 23CA0675, *Schulz v. Laszlo & Associates, LLC* — Courts and Court Procedure — Attorney Fees — Tort Actions Dismissed Pursuant to C.R.C.P. 12(b); Civil Procedure — Amended and Supplemental Pleadings — Amendments as a Matter of Course**

A majority of a division of the court of appeals concludes that the defendants are not entitled to attorney fees under section 13-17-201, C.R.S. 2024, even though the district court granted a C.R.C.P. 12(b)(1) motion to dismiss the plaintiff's claims against them. The plaintiff properly amended his complaint as a matter of course under C.R.C.P. 15(a) to assert another claim against the defendants, and the court later dismissed that claim on the court's own motion, which disentitled the defendants to attorney fees under the plain language of the statute. Accordingly, the majority affirms the district court's order denying the defendants' motion for attorney fees.

The partial dissent concludes that the defendants were entitled to attorney fees under the statute upon entry of the court's order dismissing the plaintiff's claims against them and would reverse the court's order denying attorney fees.

Court of Appeals No. 23CA0675
Weld County District Court No. 21CV30783
Honorable Todd Taylor, Judge

Nathan Schulz, derivatively on behalf of CLN Holdings, LLC,

Plaintiff-Appellee,

v.

Laszlo & Associates, LLC, d/b/a LaszlowLaw, Theodore E. Laszlo, Jr., and
Michael J. Laszlo,

Defendants-Appellants.

ORDER AFFIRMED

Division V
Opinion by JUDGE BROWN
Johnson, J., concurs
Taubman*, J., concurs in part and dissents in part

Announced February 27, 2025

Flanders Elsberg Herber & Dunn, LLC, Mark A. Herber, Andrew N. Dunkin,
Longmont, Colorado, for Plaintiff-Appellee

McConnell Van Pelt, LLC, Michael T. McConnell, Kellsey A. Hansen, Denver,
Colorado, for Defendants-Appellants

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    In this derivative action, defendants, Laszlo & Associates, LLC, Theodore E. Laszlo, Jr., and Michael J. Laszlo (collectively, the Laszlo Defendants), appeal the district court's order denying their motion for attorney fees under section 13-17-201, C.R.S. 2024, after the court granted their C.R.C.P. 12(b)(1) motion to dismiss the claims asserted against them by plaintiff, Nathan Schulz.  Section 13-17-201(1) generally entitles a defendant to an award of attorney fees when all claims against that defendant have been dismissed on a pretrial motion filed under C.R.C.P. 12(b).  But after the court dismissed Schulz's claims against the Laszlo Defendants, Schulz validly amended his complaint as a matter of course under C.R.C.P. 15(a) to assert another claim against them, and the court later dismissed that claim on its own motion.  Under these circumstances, we conclude that the Laszlo Defendants are not entitled to their attorney fees under section 13-17-201. Consequently, we affirm the district court's order.

I.    Background

¶ 2    The record establishes the following timeline of events.  In February 2019, Chase Bonner, Levi Wood, and Nathan Schulz formed CLN Holdings, LLC (CLN) for the purpose of acquiring and

managing Parrott's Sports Grill, Inc. (Parrott's). Schulz became Parrott's general manager. In late 2019, CLN retained the Laszlo Defendants to complete corporate documents converting CLN from a limited liability company to a corporation and to provide the company with legal advice.

¶ 3    In January 2020, Bonner, acting on behalf of CLN and Parrott's, fired Schulz. Two months later, Schulz sued Bonner, Wood, CLN, and Parrott's (the CLN Defendants) seeking economic and noneconomic damages, as well as the judicial dissolution of CLN (the CLN action). The Laszlo Defendants entered appearances as counsel for the CLN Defendants in the CLN action.

¶ 4    Then, in December 2020, Schulz filed this derivative action on behalf of CLN, asserting claims against (1) Bonner and Wood for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and civil conspiracy; and (2) the Laszlo Defendants for professional negligence, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, civil conspiracy, "respondeat superior," and declaratory judgment. As a result, the Laszlo Defendants withdrew as counsel for the CLN Defendants in the CLN action.

¶ 5        In April 2022, the Laszlo Defendants moved to dismiss the complaint under C.R.C.P. 12(b)(1), arguing that Schulz's derivative claims were not ripe for adjudication because they were based on the alleged damages CLN would sustain in the ongoing CLN action.[1] In August, the district court granted the Laszlo Defendants' C.R.C.P. 12(b)(1) motion to dismiss the claims against them without prejudice (August 2022 order).  Notably, at that time, Schulz's claims against Bonner and Wood remained pending.

¶ 6        In September, the Laszlo Defendants moved for an award of attorney fees under section 13-17-201 and for costs under C.R.C.P. 54(d) and section 13-16-107, C.R.S. 2024.  Schulz requested and was granted an initial extension of time to respond to the motion. In a second motion for extension of time filed in mid-October, Schulz advised the district court that the jury trial in the CLN action was set to commence on October 31 and that he "maintain[ed] his right to amend the complaint [in the derivative action] as a matter of course under C.R.C.P. 15(a)" but needed

---

[1] The Laszlo Defendants also moved to dismiss for failure to state a claim under C.R.C.P. 12(b)(5), but the district court did not address that argument.

additional time to "complete the trial and assess the complete scope of any amendments to be filed thereafter." Schulz asked the court for "an extension of time to so amend and/or a stay until after the [CLN action] concludes" and a further extension of time to respond to the attorney fees motion, noting that if he were to amend the complaint, the attorney fees motion "would be moot." The Laszlo Defendants opposed the motion, arguing in relevant part that Schulz was not entitled to amend his complaint after the court dismissed the claims against them.

¶ 7 Meanwhile, the jury in the CLN action found in favor of Schulz and against Bonner and Wood on all claims and counterclaims and awarded Schulz a total of five million dollars in damages, which included punitive damages based on findings that Bonner and Wood "acted in a fraudulent, malicious or willful and wanton manner." Schulz advised the district court of this development in a "supplement" to the second motion for extension of time. The court granted the second motion, checking a box in Schulz's proposed order that read "Plaintiff is GRANTED an extension of time up to and including November 29, 2022, to respond to [the Laszlo] Defendants' Motion for Attorney Fees and Bill of Costs and to file an

4

Amended Complaint Under C.R.C.P. 15(a)." The Laszlo Defendants moved to reconsider, essentially rearguing that Schulz was not entitled to amend his complaint and asserting that, despite the jury's verdict, the CLN action "will likely remain unresolved for many years."

¶ 8     On November 29, Schulz filed an amended complaint that incorporated the jury's findings from the CLN action, reasserted multiple claims against Bonner and Wood, and asserted an amended declaratory judgment claim against all defendants — including the Laszlo Defendants. Among other things, Schulz sought declarations that the fee agreement between CLN and the Laszlo Defendants was unenforceable, that the purpose of the engagement was to "accomplish an unlawful act," and that the Laszlo Defendants owed "special obligations" to CLN and Schulz. In response, the Laszlo Defendants filed a "notice of position" in which they advised the court that, "unless ordered otherwise, [the Laszlo Defendants] will not file a responsive pleading until the [motion to reconsider] is ruled upon" and that "any responsive pleading will be a motion to dismiss."

¶ 9 Also on November 29, Schulz filed an opposition to the Laszlo Defendants' motion for attorney fees and costs arguing, among other things, that his amended complaint rendered the motion moot.

¶ 10 On March 16, 2023, following the appointment of a receiver for CLN in the CLN action, the district court ordered the parties to show cause why this action should not be dismissed for lack of standing. The following month, the district court entered four orders. First, it dismissed the entire action as to all defendants because a receiver had been appointed for CLN, thereby divesting Schulz of his ability to pursue derivative claims on behalf of CLN. Second, it denied the Laszlo Defendants' motion to reconsider as moot. Third, it granted the Laszlo Defendants' bill of costs. Fourth, it denied the Laszlo Defendants' motion for attorney fees, explaining that "[t]his case has been dismissed without prejudice on the court's own motion. Consequently, section 13-17-201 does not apply . . . ." This appeal followed.

## II.    Analysis

¶ 11    The Laszlo Defendants contend that the district court erred by (1) allowing Schulz to amend his complaint and (2) denying their request for attorney fees under section 13-17-201.  We disagree.[2]

### A.    Propriety of Amended Complaint

¶ 12    The Laszlo Defendants contend that the district court erred by granting Schulz leave to amend his complaint to reassert a declaratory judgment claim against them.  We conclude that Schulz was entitled to amend his complaint as a matter of course under C.R.C.P. 15(a).

### 1.    Standard of Review

¶ 13    We review a trial court's interpretation of the Colorado Rules of Civil Procedure de novo.  *Schaden v. DIA Brewing Co.*, 2021 CO 4M,

---

[2] We ordered the parties to file supplemental briefs addressing (1) whether the Laszlo Defendants were entitled to an award of attorney fees under section 13-17-201, C.R.S. 2024, once the district court dismissed all claims against them under C.R.C.P. 12(b), even though a final judgment had not been entered; and (2) whether the district court's initial grant of the Laszlo Defendants' motion to dismiss based on lack of ripeness was a proper basis for an award of attorney fees under section 13-17-201, even though the Laszlo Defendants did not show that Schulz's complaint was baseless.  We consider the parties' supplemental arguments in our disposition of the appeal.

¶ 32.  We interpret the rules according to their commonly

understood and accepted meanings, applying well-settled principles

of statutory construction.  *Id.*  We read the rules as a whole, giving

consistent, harmonious, and sensible effect to all of their parts and

avoiding constructions that would render any words or phrases

superfluous or lead to illogical or absurd results.  *Id.*; *accord*

*Willhite v. Rodriguez-Cera,* 2012 CO 29, ¶ 9.  We also construe the

rules "liberally to effectuate their objective to secure the just,

speedy, and inexpensive determination of every case and their

truth-seeking purpose."  *Maslak v. Town of Vail,* 2015 COA 2, ¶ 10

(quoting *DCP Midstream, LP v. Anadarko Petroleum Corp.,* 2013 CO

36, ¶ 24); *see also* C.R.C.P. 1.

### 2.  Applicable Law

¶ 14    Under C.R.C.P. 15(a), a party may amend a pleading once as a

matter of course before a responsive pleading is filed.  *Gandy v.*

*Williams,* 2019 COA 118, ¶ 10.  After a responsive pleading is filed,

a party may amend a pleading "only by leave of court or by written

consent of the adverse party."  C.R.C.P. 15(a).  Because requests to

amend are to be liberally granted, "some justification is required for

refusal." *Wilcox v. Reconditioned Off. Sys. of Colo., Inc.*, 881 P.2d 398, 400 (Colo. App. 1994).

¶ 15    A motion to dismiss is not considered a responsive pleading for purposes of C.R.C.P. 15(a). *Id.*; *see also* C.R.C.P. 7(a) (defining pleadings); *Schaden,* ¶ 36 ("[I]t is undisputed that a motion to dismiss is not a responsive pleading . . . ."); *Gandy,* ¶ 10 (noting that the defendants' motion to dismiss did not terminate the plaintiff's right to amend). Thus, even if a court grants a motion to dismiss, an amendment to the complaint may be allowed. *See Davis v. Paolino*, 21 P.3d 870, 873 (Colo. App. 2001) (the plaintiff should have been allowed to file a non-futile amended complaint against one defendant even after the court dismissed all claims against all defendants).

¶ 16    It is only when a final judgment is entered before a responsive pleading is filed that the "absolute right to amend the complaint as a matter of course is lost." *Wilcox*, 881 P.2d at 400; *see Schaden,* ¶ 2 ("[A] final judgment cuts off a plaintiff's right to file an amended complaint as a matter of course under C.R.C.P. 15(a)."). After a final judgment is entered, a party wishing to amend a pleading must seek relief from the judgment under C.R.C.P. 59 or 60 and file

9

a motion requesting leave to amend or indicating the adverse party's consent to the amendment. *Schaden*, ¶ 39; *see Est. of Hays v. Mid-Century Ins. Co.*, 902 P.2d 956, 959 (Colo. App. 1995) ("Once final judgment has entered, an amendment to a pleading under C.R.C.P. 15(a) should not be allowed unless the judgment is set aside or vacated."). A final judgment is one that ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do to completely determine the rights of the parties involved in the proceeding. *Schaden*, ¶ 46.

### 3. Schulz Was Entitled to File an Amended Complaint as a Matter of Course under C.R.C.P. 15(a)

¶ 17 None of the defendants filed an answer to Schulz's original complaint. And the Laszlo Defendants concede that a motion to dismiss is not a responsive pleading that cuts off a plaintiff's right to amend a complaint as a matter of course under C.R.C.P. 15(a). *See Schaden*, ¶ 36. As a result, unless a final judgment had been entered in the case, Schulz was entitled to amend his complaint. *See id.* at ¶ 39; *Wilcox*, 881 P.2d at 400.

¶ 18 The Laszlo Defendants argue that the August 2022 order constituted a final judgment because it "resolved the rights of [the

Laszlo Defendants] and Schulz, leaving no further issues for the District Court's judicial adjudication." But to constitute a final judgment in an action involving multiple claims against multiple parties, an order (or a combination of orders) must fully and finally resolve all claims against all parties. *See Wolf v. Brenneman*, 2024 CO 31, ¶ 10 ("A judgment is typically not 'final' until the court has ruled on all outstanding claims."); *Kempter v. Hurd*, 713 P.2d 1274, 1277 (Colo. 1986) (recognizing that when multiple claims and parties are joined in one action, "claims adjudicated early in the litigation must await the final determination of all issues, as to all parties, before a final and appealable judgment can be obtained"); *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1126 (Colo. 1982) (recognizing "the general rule that an entire case must be decided" before a judgment is final). Because the August 2022 order did not resolve all claims against all parties, it was not a final judgment.

¶ 19    Notably, C.R.C.P. 54(b) permits a court in an action involving multiple claims against multiple parties to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" when certain conditions are satisfied. Certification under C.R.C.P. 54(b) operates as "an exception to the general rule that an

11

entire case must be decided" before a judgment is final. *Harding Glass Co.*, 640 P.2d at 1126; *see also Grear v. Mulvihill*, 207 P.3d 918, 921 (Colo. App. 2009) (involving an appeal following a trial court's C.R.C.P. 54(b) certification of its order dismissing all claims against one defendant under C.R.C.P. 12(b)(5)); *Est. of Harper v. Denver Health & Hosp. Auth.*, 140 P.3d 273, 274 (Colo. App. 2006) (same). But the Laszlo Defendants did not seek or obtain C.R.C.P. 54(b) certification of the August 2022 order.

¶ 20 We are not persuaded by the Laszlo Defendants' argument that the supreme court's decision in *Schaden* commands a different result. There, the trial court dismissed the plaintiff's claims for lack of standing. *Schaden*, ¶¶ 9, 11. After the plaintiff filed an amended complaint without seeking relief from the judgment under C.R.C.P. 59 or 60, the trial court struck the pleading, reasoning that its prior order dismissing the case was a final judgment that cut off the plaintiff's right to file an amended complaint. *Id.* at ¶¶ 12, 25-26.

¶ 21 The supreme court first recognized that C.R.C.P. 15(a) provides a plaintiff the right to amend a complaint once as a matter of course at any time before a responsive pleading is filed and that a motion to dismiss is not a responsive pleading. *Id.* at ¶¶ 25-26.

12

But the court rejected the plaintiff's argument that it maintained the right to amend its complaint as a matter of course "after judgment enters following the granting of a motion to dismiss an action" because adopting that interpretation would essentially grant the plaintiff "a right to afford itself relief from a judgment at any time, without needing to request such relief from the court as contemplated by C.R.C.P. 59 and C.R.C.P. 60." *Id.* at ¶ 38. The court reasoned that the only way to give effect to C.R.C.P. 15(a) without rendering C.R.C.P. 59 and 60 meaningless was to "conclude that once a judgment enters and becomes final, a plaintiff no longer has the right to file an amended complaint as a matter of course under C.R.C.P. 15(a)." *Id.* at ¶ 39. "Rather, such a plaintiff must seek relief from the judgment under C.R.C.P. 59 or C.R.C.P. 60 and must obtain either leave to amend from the court or written consent to amend from the defendant." *Id.*

¶ 22     The supreme court further held that the trial court's order dismissing the case for lack of standing was a final judgment. *Id.* at ¶¶ 46-49. It acknowledged that the dismissal was "without prejudice," but it reasoned that the trial court had concluded that the plaintiff had not suffered an injury by the alleged bid-rigging

13

scheme. *Id.* at ¶¶ 47-48. Once the trial court found that the plaintiff lacked standing, it was "compelled to dismiss the case as it lacked jurisdiction to hear it. At that point, there remained nothing for the court to decide and nothing further for the court to pronounce." *Id.* at ¶ 48. Thus, the supreme court concluded that the plaintiff did not have the right to file an amended complaint as a matter of course. *Id.* at ¶ 51.[3]

¶ 23     The Laszlo Defendants argue that *Schaden* is dispositive. They note that the order entered in *Schaden* dismissed the plaintiff's claims without prejudice for lack of subject matter jurisdiction and yet the supreme court concluded that the order was a final judgment that cut off the plaintiff's right to amend its complaint as a matter of course under C.R.C.P. 15(a). They urge us to view the August 2022 order — dismissing Schulz's claims against them without prejudice based on a jurisdictional defect — the same way. *See DiCocco v. Nat'l Gen. Ins. Co.*, 140 P.3d 314, 316 (Colo. App.

---

[3] Even so, for reasons not relevant to our disposition of this appeal, the supreme court remanded the case to the trial court to reinstate the plaintiff's amended complaint. *Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶¶ 52-64.

2006) ("A court lacks subject matter jurisdiction to decide an issue that is not ripe for adjudication.").

¶ 24    But we see a key distinction between *Schaden* and this case. In *Schaden*, the trial court's order dismissed the entire action — all the plaintiff's claims against all the defendants. *Schaden*, ¶¶ 9, 11. In other words, the order in *Schaden* ended the action and left "nothing further for the court . . . to do in order to completely determine the rights of the parties involved in the proceeding." *Id.* at ¶ 46 (quoting *In re Water Rts. of Elk Dance Colo., LLC*, 139 P.3d 660, 668 (Colo. 2006)). Under such circumstances, we understand why the supreme court concluded the order was final, even though it was not a dismissal on the merits, *see In re Estate of Murphy*, 195 P.3d 1147, 1153 (Colo App. 2008) ("It is well-settled in Colorado that a dismissal for lack of subject matter jurisdiction is not a judgment on the merits . . . ."), and was without prejudice, *Schaden*, ¶ 47 (Although a trial court's designation of an order to dismiss as "without prejudice" is not dispositive of finality, such a designation is "relevant to the determination of finality."); *Brody v. Bock*, 897 P.2d 769, 777 (Colo. 1995) (Ordinarily, a dismissal without prejudice "does not constitute a final judgment for

purposes of appeal because the factual and legal issues underlying the dispute have not been resolved.").

¶ 25 But the August 2022 order did not dismiss the *entire* action. After the order was entered, Schulz still had unresolved claims pending against other defendants. The district court had more to do to determine the rights of the parties involved in the proceeding. *See Schaden*, ¶ 46. Consequently, absent a C.R.C.P. 54(b) certification, the August 2022 order was not a final judgment, and Schulz did not have to move under C.R.C.P. 59 or 60 to set it aside or seek leave to file an amended complaint. Instead, Schulz maintained his right to amend his complaint as a matter of course under C.R.C.P. 15(a). As a result, we perceive no error by the district court in accepting the amended complaint.[4]

### B. Recovery of Attorney Fees under Section 13-17-201

¶ 26 The Laszlo Defendants contend that the district court erred by denying their motion for attorney fees under section 13-17-201.

---

[4] Because we conclude that Schulz maintained a right to amend his complaint as a matter of course under C.R.C.P. 15(a), we need not address the Laszlo Defendants' additional arguments that (1) the district court abused its discretion by granting Schulz leave to amend and denying as moot their motion to reconsider or (2) the amendment was futile.

16

The court reasoned that the Laszlo Defendants were not entitled to attorney fees under the statute because it had dismissed the case (including the claim against the Laszlo Defendants added by the amended complaint) on its own motion. We generally agree with the district court.

1.      Standard of Review and Principles of Statutory Construction

¶ 27      Whether a statute mandates an award of attorney fees is a question of statutory interpretation that we review de novo. *Crandall v. City of Denver*, 238 P.3d 659, 661 (Colo. 2010). Our primary goal in interpreting a statute is to give effect to the legislature's intent as reflected in the plain and ordinary meanings of the words and phrases used. *Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 12. We read the statute as a whole, giving consistent, harmonious, and sensible effect to all its parts. *Id.* And we avoid constructions that would render any words or phrases superfluous or lead to illogical or absurd results. *Elder v. Williams*, 2020 CO 88, ¶ 18; *see also* §§ 2-4-101, -201, C.R.S. 2024.

¶ 28      When the language of a statute is clear and unambiguous, we enforce it as written. *Nieto*, ¶ 12. Only if a statute is ambiguous — "that is, reasonably susceptible to more than one interpretation" —

do we turn to other interpretive aids to discern the legislature's intent. *Id.* at ¶ 13. These aids include legislative history, the end to be achieved by the statute, and the consequences of a given construction. *Id.*; *see also* § 2-4-203, C.R.S. 2024.

## 2. Applicable Law

¶ 29 With respect to recovery of attorney fees, Colorado follows the American Rule, "which requires each party in a lawsuit to bear its own legal expenses." *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 (Colo. 1996). Consequently, absent a statute, court rule, or contract that provides otherwise, attorney fees are not recoverable by the prevailing party. *Id.* Although there are several exceptions to the general rule, we narrowly construe those exceptions, resolving any doubt against an interpretation of the exception that would expand the circumstances under which attorney fees can be recovered. *Sifton v. Stewart Title Guar. Co.*, 259 P.3d 542, 545 (Colo. 2011); *see Crandall*, 238 P.3d at 662 (recognizing that section 13-17-201 limits application of the "long-established American Rule precluding the award of attorney fees to prevailing litigants" and must be narrowly construed).

¶ 30    Section 13-17-201(1) is one exception to the American Rule, mandating an award of attorney fees to a defendant who successfully moves to dismiss a tort action under C.R.C.P. 12(b). The statute provides in pertinent part as follows:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

§ 13-17-201(1). An award of fees under the statute is mandatory. *Colo. Special Dists. Prop. & Liab. Pool v. Lyons*, 2012 COA 18, ¶ 59.

¶ 31    We are hardly the first division to encounter this statute. Other divisions of this court have interpreted section 13-17-201 in the following relevant ways:

- A defendant is entitled to recover attorney fees even when the plaintiff has pleaded both tort and non-tort claims if "the essence of the action was one in tort." *Castro v. Lintz,* 2014 COA 91, ¶ 16.

- Because the statute authorizes an award of attorney fees only when an "action" is dismissed, it does not apply if a

19

defendant obtains dismissal of some, but not all, of the plaintiff's claims. *Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. 2007). In other words, "dismissal of less than the entire 'action' is insufficient to trigger an award under the plain language of the statute." *Id.*; *see Lyons*, ¶ 62 (because the court stayed one claim rather than dismissing it, defendant was not entitled to attorney fees).[5]

- Still, by using the singular term "defendant," the statute "necessarily applies to each defendant who has an action

---

[5] The Laszlo Defendants' motion to dismiss did not substantively address Schulz's claim for declaratory judgment. Rather, in a footnote, the Laszlo Defendants argued only that, because the other claims against them fail, "the declaratory judgment also fails as there is no forward-looking need to determine the rights and obligations of the parties." The district court did not mention the declaratory judgment claim in the August 2022 order of dismissal. Moreover, the basis for dismissal — that Schulz's claims were not ripe because the damages he claimed depended on the outcome of the CLN action — would not apply to a declaratory judgment claim seeking no damages. Thus, we are skeptical that the court properly dismissed the declaratory judgment claim. If that claim remained, the Laszlo Defendants would not be entitled to recover attorney fees under section 13-17-201. *See Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. 2007). But because this issue was not well developed in the district court, and we otherwise conclude that the Laszlo Defendants are not entitled to their attorney fees under the statute, we do not rely on this as an alternative basis to affirm the court's order.

against it dismissed" under C.R.C.P. 12(b) and "may apply to one defendant even though claims are still pending as to other defendants at the time of dismissal." *Lyons*, ¶ 60; *see Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo. App. 1996) (because all claims against one party had been dismissed, that party was entitled to attorney fees).[6]

- The statute authorizes an award of attorney fees only if all the plaintiff's claims are dismissed "on motion of the defendant prior to trial under rule 12(b)." *Sotelo*, 166 P.3d at 287. The statute does not authorize recovery if even one of the plaintiff's claims is dismissed, rejected, or resolved by another procedural mechanism or for another reason. *See*

---

[6] Neither *Colorado Special Districts Property & Liability Pool v. Lyons*, 2012 COA 18, nor *Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo. App. 1996), explains whether the trial courts in those cases had certified their dismissal orders as final under C.R.C.P. 54(b) or had entered final judgment on the outstanding claims, but we presume that one or the other event occurred to give the appellate court jurisdiction over the appeals. *See* § 13-4-102(1), C.R.S. 2024 (granting the court of appeals jurisdiction "over appeals from final judgments"); *Woznicki v. Musick*, 94 P.3d 1243, 1245 (Colo. App. 2004) (the court of appeals "has jurisdiction to consider an appeal only from a final judgment"), *aff'd,* 136 P.3d 244 (Colo. 2006); *Musick,* 136 P.3d at 246 (A "ruling that is subject to C.R.C.P. 54(b) certification but is not yet certified does not constitute a final judgment.").

*id.* (the trial court correctly declined to award attorney fees where the parties stipulated to dismiss the plaintiff's breach of contract claim); *Jaffe v. City & Cnty. of Denver*, 15 P.3d 806, 814 (Colo. App. 2000) (because the plaintiff's 42 U.S.C. § 1983 claim was resolved on summary judgment, the defendant was not entitled to attorney fees despite successful dismissal of state law tort claims); *First Interstate Bank of Denver, N.A. v. Berenbaum*, 872 P.2d 1297, 1302 (Colo. App. 1993) (because the plaintiff's fraud claim was resolved on summary judgment, the defendant was not entitled to attorney fees despite successful dismissal of another tort claim).

3. The Laszlo Defendants Are Not Entitled to Attorney Fees under Section 13-17-201

¶ 32   With the preceding legal principles in mind, we turn to the novel question before us: Is a defendant entitled to recover attorney fees under section 13-17-201 after successfully moving to dismiss all the plaintiff's claims against it under C.R.C.P. 12(b), when the plaintiff later amends the complaint to assert a new claim against

the defendant, and that claim is not dismissed on the defendant's C.R.C.P. 12(b) motion to dismiss? The answer is no.

¶ 33 It is undisputed that Schulz filed tort claims against the Laszlo Defendants and that, notwithstanding the declaratory judgment claim, "the essence of the action was one in tort." *Castro*, ¶ 16. The Laszlo Defendants also successfully obtained dismissal of all of Schulz's claims against them on a C.R.C.P. 12(b) motion filed before trial. *See* § 13-17-201(1); *Sotelo*, 166 P.3d at 287. Had the status of the claims against the Laszlo Defendants remained the same until entry of final judgment, they would have been entitled to recover their attorney fees under section 13-17-201. But as we have explained, the August 22 order was not a final judgment, and the status of the case changed.

¶ 34 Recall the following relevant sequence of events that followed the August 2022 order:

- Claims remained pending against the other defendants, which did not necessarily prevent the Laszlo Defendants from recovering attorney fees under section 13-17-201 but did prevent entry of a final judgment. *See supra* Part II.A.3.

23

- Schulz filed an amended complaint as a matter of course under C.R.C.P. 15(a), reasserting a claim for declaratory judgment against the Laszlo Defendants.

- The Laszlo Defendants did not file an answer or move to dismiss the amended complaint, electing instead to file a notice advising the court that, "unless ordered otherwise," they "will not file a responsive pleading."

- The court ordered the parties to show cause why it should not dismiss the case because a receiver had been appointed for CLN, depriving Schulz of standing to assert derivative claims. After considering the parties' responses to the show cause order, the court dismissed the action.

¶ 35    Because the Laszlo Defendants did not file, and the district court did not grant, a motion under C.R.C.P. 12(b) to dismiss the last claim asserted against them in the amended complaint, they are not entitled to recover their attorney fees under the plain language of section 13-17-201. *See Elder*, ¶ 18 (when the language of the statute is clear, we enforce it as written). Said another way, because the court dismissed the last claim against the Laszlo Defendants for lack of standing on its own motion, the "action" was

not "dismissed on motion of the defendant prior to trial under [C.R.C.P.] 12(b)."  § 13-17-201.

¶ 36    The Laszlo Defendants contend that they became entitled to attorney fees under the statute because Schulz "did not seek post-judgment relief, timely leave to amend, [or] file an appeal" of the August 2022 order.  This argument presumes that the August 2022 order was a final judgment from which Schulz could have sought postjudgment relief or appealed, a premise we have already rejected.  *See supra* Part II.A.3.

¶ 37    The Laszlo Defendants also argue, and the partial dissent likewise reasons, that they were entitled to attorney fees essentially the moment the August 2022 order was entered because the statute does not require entry of a final judgment.  True, the statute does not expressly require "entry of a final judgment," *see* § 13-17-201, and we do not add words to the statute, *see People v. Diaz*, 2015 CO 28, ¶ 12.  But until a final judgment was entered, the dismissal order was interlocutory, and the status of the case was subject to change.  *See Pearson v. Dist. Ct.*, 924 P.2d 512, 515 (Colo. 1996) ("A court that makes a decision has the *power* to reconsider it, so long as the case is within its jurisdiction." (quoting 1B James W. Moore

& Jo Desha Lucas, *Moore's Federal Practice* ¶ 0.404[4.-1], at II-2 (2d ed. 1995))); *USIC Locating Servs. LLC v. Project Res. Grp. Inc.*, 2023 COA 33, ¶ 26 (recognizing that, after the trial court dismissed a complaint, "it later recognized that its actions were premature" and properly issued orders allowing discovery and further pleadings); *In re Marriage of Cardona*, 321 P.3d 518, 527 (Colo. App. 2010) ("We acknowledge that the trial court is free to revise an interlocutory order . . . ."), *aff'd on other grounds*, 2014 CO 3.[7]

¶ 38    Interpreting the statute as the Laszlo Defendants and the partial dissent advocate — to award a defendant fees even if a plaintiff properly asserts a new claim that is resolved by means other than the defendant's C.R.C.P. 12(b) motion — not only ignores the plain language of the statute, but it also cannot be squared with our precedents.  Several divisions of this court have held that, even after a defendant has successfully moved to dismiss all of a plaintiff's claims under C.R.C.P. 12(b) and has already been

---

[7] Notably, the procedure for seeking fees under section 13-17-201 is a *postjudgment* procedure.  C.R.C.P. 121, section 1-22(2) applies to requests for "awards of fees made to the prevailing party pursuant to . . . statute" and provides that the party seeking fees shall file a motion for such fees "within [twenty-one] days of entry of *judgment*." (Emphasis added.)

awarded attorney fees under section 13-17-201, if any of the plaintiff's claims are later restored, the defendant loses their entitlement to attorney fees under the statute. *See Lopez v. City of Grand Junction*, 2018 COA 97, ¶ 65 (declining the defendant's request for attorney fees under section 13-17-201 because the division reversed the trial court's dismissal of one claim); *Rector v. City & Cnty. of Denver*, 122 P.3d 1010, 1018 (Colo. App. 2005) ("[B]ecause of our conclusion that the declaratory and injunctive relief claim was wrongly dismissed, defendants cannot recover their attorney fees under [section] 13-17-201."); *Sundheim v. Bd. of Cnty. Comm'rs*, 904 P.2d 1337, 1353 (Colo. App. 1995) (Because the division restored one of the plaintiff's four claims, "[section] 13-17-201 is not presently available as a basis for an award of attorney fees."), *aff'd*, 926 P.2d 545 (Colo. 1996).

¶ 39 If a defendant's entitlement to attorney fees under section 13-17-201 can be lost *after* entry of a final judgment when even one of the plaintiff's claims is revived on appeal, we see no reason why a defendant cannot similarly lose that entitlement when a plaintiff properly reasserts a claim *before* entry of a final judgment. Although the partial dissent correctly notes that these cases

27

involved *appeals* in which motions to dismiss were at least partly reversed and claims were restored, the rationale animating these decisions applies with equal or greater force to the facts before us.

¶ 40 For these reasons, we conclude that the district court did not err by denying the Laszlo Defendants' request for attorney fees under section 13-17-201.

## C. Appellate Attorney Fees

¶ 41 Schulz requests appellate attorney fees under C.A.R. 38, arguing that the Laszlo Defendants' appeal is frivolous. An appeal may be frivolous as filed or as argued. *Averyt v. Wal-Mart Stores, Inc.*, 2013 COA 10, ¶ 40. An appeal is frivolous as filed when the district court's judgment "was so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue." *Id.* (quoting *Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006)). An appeal is frivolous as argued when the appellant commits misconduct in arguing the appeal. *Id.*

¶ 42 Although the Laszlo Defendants have not prevailed, we do not perceive their arguments to be frivolous, nor have they committed misconduct. We thus decline to award appellate attorney fees.

28

### III. Disposition

¶ 43    We affirm the district court's order.

JUDGE JOHNSON concurs.

JUDGE TAUBMAN concurs in part and dissents in part.

JUDGE TAUBMAN, concurring in part and dissenting in part.

¶ 44 I respectfully dissent from Part II.B of the majority's opinion because I disagree with the majority's conclusion that Laszlo & Associates, LLC, Theodore E. Laszlo, Jr., and Michael J. Laszlo (collectively, the Laszlo Defendants) are not entitled to attorney fees under section 13-17-201, C.R.S. 2024.[1] However, I concur with the majority's conclusion in Part II.A that Schulz was entitled to file an amended complaint as a matter of course under C.R.C.P. 15(a) and the majority's conclusion in Part II.C that Schulz is not entitled to appellate attorney fees.

¶ 45 Section 13-17-201(1) provides in pertinent part as follows:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant *shall* have judgment for his reasonable attorney fees in defending the action.

(Emphasis added.)

---

[1] I note that Schulz does not contend that the Laszlo Defendants should not have been entitled to attorney fees under section 13-17-201, C.R.S. 2024, because the district court erred in dismissing his claims on the basis of ripeness, and had it not done so, the Laszlo Defendants clearly would not have been entitled to an award of attorney fees.

¶ 46    Relying on the plain language of the statute, I conclude that neither a final judgment nor a C.R.C.P. 54(b) certification is necessary to entitle the Laszlo Defendants to an award of attorney fees. The statutory language contains no words that indicate a final judgment is required. We cannot add words or requirements to the statute that the General Assembly did not intend. *People v. Diaz*, 2015 CO 28, ¶ 12, 347 P.3d 621, 624.

¶ 47    Although I interpret section 13-17-201(1) as unambiguous, the General Assembly's intent is supported by examining other statutes that contain final judgment requirements. *See* § 5-19-213, C.R.S. 2024 (obtaining satisfaction of surety bond); § 10-3-528, C.R.S. 2024 (claims by holders of voidable rights); § 13-17-202, C.R.S. 2024 (offer of settlement); § 31-12-117, C.R.S. 2024 (voiding annexation). These statutes demonstrate that when the General Assembly intends that a final judgment is a necessary predicate for a statute to apply, it knows how to say so.

¶ 48    Because a final judgment is not required to be entitled to fees under section 13-17-201, I conclude that the Laszlo Defendants are entitled to their reasonable attorney fees incurred up until the dismissal of the claims against them in the August 2022 order.

¶ 49    I also conclude that a complaint need not be baseless to warrant an award of attorney fees under section 13-17-201. As noted above, we cannot add requirements to a statute. Because the General Assembly did not include a statutory requirement that the complaint be dismissed as baseless, we cannot do so. *Crow v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 996 (Colo. App. 2011) ("In several instances, fees have been awarded where the action has been dismissed under C.R.C.P. 12(b)(1) because of a lack of personal or subject matter jurisdiction without any mention of the merits of the claims being asserted.").

¶ 50    Moreover, another division of this court concluded that, by using the term "defendant" in the singular, the statute applies to each defendant who has an action against it dismissed pursuant to C.R.C.P. 12(b). *Colo. Special Dists. Prop. & Liab. Pool v. Lyons*, 2012 COA 18, ¶ 59, 277 P.3d 874, 884. Therefore, the statute can apply to one defendant even though claims are still pending as to other defendants at the time of dismissal. *Id.* Thus, I conclude that this interpretation does not require a final judgment to be entered before a defendant is entitled to attorney fees under the statute. Here, while claims remained pending against other defendants, all the

claims against the Laszlo Defendants were dismissed in the August 2022 order. Consequently, the Laszlo Defendants were entitled to attorney fees under section 13-17-201.

¶ 51 Further, section 13-17-201(1) authorizes an award of attorney fees when an "action is dismissed on motion of the defendant prior to trial under rule 12(b)." Therefore, a division of this court concluded that the "statute does not authorize recovery if a defendant obtains dismissal of some, but not all, of the plaintiff's tort claims" or if the plaintiff's tort claims are rejected for reasons other than dismissal under C.R.C.P. 12(b). *Sotelo v. Hutchens Trucking Co.,* 166 P.3d 285, 287 (Colo. App. 2007). Here, all of Schulz's claims against the Laszlo Defendants were dismissed by the August 2022 order. It was not until Schulz later filed his amended complaint that he asserted a new claim. Therefore, because all the claims against the Laszlo Defendants were dismissed by the August 2022 order, they were entitled to attorney fees under section 13-17-201.

¶ 52 Finally, cases in which divisions of this court reversed an award of attorney fees under section 13-17-201 because some or all of the plaintiff's claims were later restored on appeal are

33

distinguishable. In those cases, motions to dismiss were reversed in whole or in part, thus eliminating the basis for an award of attorney fees under section 13-17-201. In contrast, this case does not involve an appeal in which claims were restored, but, rather, the dismissal of all claims against the Laszlo Defendants under Rule 12(b) and the subsequent amendment of the complaint to add a new claim against them. *Cf. Lopez v. City of Grand Junction*, 2018 COA 97, ¶ 65, 488 P.3d 364, 373 (declining the defendant's request for attorney fees under section 13-17-201 because the division reversed the trial court's dismissal of one claim); *Rector v. City & Cnty. of Denver*, 122 P.3d 1010, 1018 (Colo. App. 2005) ("[B]ecause of our conclusion that the declaratory and injunctive relief claim was wrongly dismissed, defendants cannot recover their attorney fees under [section] 13-17-201."); *Sundheim v. Bd. of Cnty. Comm'rs*, 904 P.2d 1337, 1353 (Colo. App. 1995) (Because the division restored one of the plaintiff's four claims, "[section] 13-17-201 is not presently available as a basis for an award of attorney fees."), *aff'd*, 926 P.2d 545 (Colo. 1996).

¶ 53    Accordingly, I would reverse the district court's order denying the Laszlo Defendants attorney fees under section 13-17-201.